IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DENKA PERFORMANCE ELASTOMER, LLC and DUPONT SPECIALTY PRODUCTS USA, LLC,<br><br>Defendants. | Civil Action No. 2:23-cv-735<br><br>Judge Fallon<br><br>Magistrate Judge North |

**NOTICE OF COLLATERAL PROCEEDING**

Pursuant to Local Rule 3.1, Plaintiff, the United States of America ("United States"), provides notice of a collateral proceeding: *Denka Performance Elastomer, LLC v. United States Envt'l Prot. Agency and Michael S. Regan*, Civ. Action No. 2:23-cv-147, which is assigned to Section J, Judge Barbier. The United States' case may involve at least some part of the same subject matter and operative facts as Civil Action No. 2:23-cv-147.

This case alleges that chloroprene emissions from Defendant Denka Performance Elastomer, LLC's ("Denka's") neoprene manufacturing operations in St. John the Baptist Parish, Louisiana (Denka's "Facility") present an imminent and substantial endangerment to public health and welfare. Chloroprene's carcinogenic effects in humans are the crux of the alleged endangerment.

In Civil Action No. 2:23-cv-147, Denka attempts to challenge, under the Administrative Procedure Act ("APA"), the process by which the Environmental Protection Agency considered the scientific information supporting its understanding of the human health risks posed by

chloroprene.  *See* Denka's Notice of Collateral Proceedings at 3, *Denka Performance Elastomer, LLC v. United States Envt'l Prot. Agency and Michael S. Regan*, Civ. Action No. 2:23-cv-147 (ECF Doc. 3).  The EPA has informed Denka that it likely will soon move to dismiss Civil Action No. 2:23-cv-147.

Denka and the Environmental Protection Agency are involved in both cases.  *See* Cmp. at 1 (ECF Doc. 1) (reciting that the complaint is brought by the United States, by authority of the Attorney General…acting at the request of the Administrator of the EPA).  Although Denka's case is brought under the Administrative Procedure Act and the United States' is brought under the Clean Air Act, the cases may overlap in their subject matter and operative facts.

Local Rule 3.1.1 provides that collateral proceedings described in Local Rule 3.1 must be transferred to the section with the lowest docket number, subject to the decision of the transferee judge.  Here, Section J is presiding over the case with lowest docket number.

Respectfully submitted,

**FOR THE UNITED STATES OF AMERICA**

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

<u>Trial Attorney</u>:
　　s/ Steven D. Shermer
STEVEN D. SHERMER
Senior Attorney
District of Columbia Bar No. 486394
DAVIS H. FORSYTHE
Senior Counsel
HANNAH L. FRAZIER
Trial Attorney
Environmental Enforcement Section

2

                        Environment and Natural Resources Division
                        United States Department of Justice
                        P.O. Box 7611
                        Washington, DC  20044-7611
                        (202) 514-1134
                        Steven.Shermer@usdoj.gov

OF COUNSEL:

ROBERT PARRISH
Attorney-Advisor
U.S. Environmental Protection Agency
Office of Civil Enforcement, Air Enforcement Division
1200 Pennsylvania Avenue, NW (2242A)
Washington, D.C. 20460

JUSTIN LANNEN
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region 6
1201 Elm Street, Suite 500 (ORCEA)
Dallas, TX 75270

**CERTIFICATE OF SERVICE**

  I hereby certify that on March 3, 2023, a true and correct copy of the foregoing Notice of Collateral Proceeding were filed with the Clerk of the U.S. District Court for the Eastern District of Louisiana using the Court's CM/ECF system. Notice of this Electronic Filing will be sent to all parties by operation of the Court's Electronic Filing System.

                  /s/ Steven D. Shermer
                  Steven D. Shermer