UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | NUMBER: 23-735 |
| DENKA PERFORMANCE ELASTOMER, L.L.C., ET AL. | SECTION: "J"(5) |

ORDER ON MOTION
APRIL 24, 2023

APPEARANCES:

MOTION:

(1) Denka Performance Elastomer, L.L.C.'s Motion for Expedited Discovery (rec. doc. 28)

\_\_\_\_\_ : Continued to

\_\_\_\_\_ : No opposition filed within the time prescribed by Local Rule 7.5.

\_\_1\_\_ : Opposition. (Rec. doc. 37).

**ORDERED**

\_\_\_\_\_ : Dismissed as moot.

\_\_\_\_\_ : Dismissed for failure of counsel to appear.

\_\_1\_\_ : Granted in part. Federal Rule of Civil Procedure 26(d)(1) provides that a party may not seek discovery before the parties have conferenced as required by Rule 26(f) unless authorized by the rules or Court order. *See Republic Bus. Credit, L.L.C. v. Greystone & Co., Inc.*, No. 13-5535, 2013 WL 6388657, at *4 (E.D. La. Dec. 6, 2013). "Though expedited discovery 'is not the norm,' it may be ordered." *United Biologics, L.L.C. v. Am. Acad. of Allergy*, Civ. A. No. 14-CV-35, 2014 WL12637937, at *2 (W.D. Tex. Mar. 20, 2014) (quoting *Merrill Lynch, Pierce, Fenner & Smith v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000)). While the Federal Rules of Civil Procedure do not provide a standard to guide the Court's exercise of discretion in allowing expedited discovery to occur, courts have generally utilized the "good cause" standard when addressing this issue. *BKGTH Prods., L.L.C. v. Does 1-20*, No. 13-5310, 2013 WL 5507297 at *4 (E.D. La. Sept. 30, 2013) (citation omitted). "The good cause analysis considers factors such as the 'breadth of the discovery request, the purpose for requesting expedited discovery, the

burden on the [producing party] to comply with the requests and how far in advance of the typical discovery process the request was made.'" *Id.* (quoting *St. Louis Grp., Inc. v. Metals & Additives Corp., Inc.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011)). Moreover, under the good cause standard, the burden is on the party seeking expedited discovery, and the requesting party must "narrowly tailor their requests in scope to the necessary information they seek." *Id.* at *5 (citations omitted); *Doe v. Marine-Lombard*, No. CV 16-14876, 2016 WL 6658965, at *2 (E.D. La. Nov. 10, 2016). The filing of a motion for a preliminary injunction demonstrates good cause for expedited discovery because the normal course of discovery would not provide enough time to conduct the discovery before the District Court considers the motion for the preliminary injunction. *See Marine-Lombard*, 2016 WL 6658965, at *3 (E.D. La. Nov. 10, 2016); Advisory Committee Notes, 1993 Amendment to Federal Rule of Civil Procedure 26(d) (noting that expedited discovery "will be appropriate in some cases, such as those involving requests for a preliminary injunction or motions challenging personal jurisdiction.").

      Having considered the good-cause factors, Defendant's proposed discovery requests, and the amount of time within which Plaintiff had to file its motion for a preliminary injunction, the Court finds as follows. Plaintiff shall respond to Interrogatory Nos. 1, 6, and 8 and Request for Production No. 7. These requests are directly proportional to Plaintiff's motion for a preliminary injunction and may aid Defendant in its preparation to oppose the motion for a preliminary injunction. Fed. R. Civ. P. 26(b)(1). With regard to the remaining Interrogatories and Requests for Production, the Court finds that they are not narrowly tailored to the merits of Plaintiff's motion for a preliminary injunction but relate more to the overall merits of Plaintiff's case. **No later than ten (10) days from this date of this Order**, the parties shall meet and confer to more narrowly tailor Defendants' remaining discovery requests to Plaintiff's motion for a preliminary injunction. Plaintiff shall also continue to voluntarily produce information to Defendants, to which it has agreed. (Rec. doc. 37 at 17).

      With regard to the Requests for Admission, Plaintiff shall respond to them **no later than fourteen (14) days from the date of this Order**. Said requests are not overly burdensome to Plaintiff. In addition, the Court finds that the depositions of Jeffrey Harrington, Dr. John Vandenburg, Dr. Ila Cote, and Dr. Helen Suh are proportional to any opposition to the motion for preliminary injunction. Defendants may depose these four individuals in accordance with strict compliance to the Federal Rules of Civil Procedure. **No later than ten (10) days from the date of this Order**, Plaintiff and Defendants shall meet and confer to schedule a mutually-agreeable date and time for these four depositions and to discuss whether Plaintiff need depose any of Defendants' experts.

_____ :   Denied.

2

_____: Other.

---
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**