IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 2:23-cv-735 |
| | ) | |
| v. | ) | SECTION J(5) |
| | ) | |
| DENKA PERFORMANCE ELASTOMER, LLC and DUPONT SPECIALTY PRODUCTS USA, LLC, | ) ) ) | JUDGE BARBIER<br><br>MAGISTRATE JUDGE NORTH |
| | ) | |
| Defendants. | ) ) | |

### DUPONT SPECIALTY PRODUCTS USA, LLC'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO <u>FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6)</u>

**MAY IT PLEASE THE COURT:**

In this case, the United States of America ("the Plaintiff") seeks the extraordinary remedy of exercising jurisdiction over and issuance of an order against a party not otherwise involved in the subject matter of this litigation. The Plaintiff asserts that it has the right to do so pursuant to Fed. R. Civ. P. 19(a) and the All Writs Act, 28 U.S.C. § 1651 ("All Writs Act"). However, as set forth fully below, these provisions do not provide authority for the relief requested because: (a) the Court lacks subject matter jurisdiction over the hypothetical future dispute proposed by the Plaintiff's pleading and (b) the Plaintiff's Complaint substantively fails to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

The Plaintiff seeks this extraordinary remedy against DuPont Specialty Products USA, LLC ("Specialty") simply because Specialty is the lessor of the piece of property upon which the plant at issue in this litigation is built. The Plaintiff is attempting to force Specialty to have to

{N2029540 -}

participate as a party to this highly involved and expensive litigation simply because the Plaintiff asserts that if it is successful in obtaining certain of the vehemently opposed relief that it seeks against the primary party defendant,[1] and if the relief ordered turns out to be of a nature that could trigger consent provisions in the lease of the ground underneath the plant, then Specialty might unreasonably withhold its consent for its lessee to engage in whatever construction might be necessary under the potential future order.

As shown below, the speculative assertions in the Plaintiff's Complaint as to a potential future dispute between others under a contract to which the Plaintiff is not even a party fail to set forth a justiciable case and controversy that is ripe for review and cannot establish jurisdiction to justify including an otherwise nonparty in this expensive, burdensome, and highly complicated litigation. Moreover, these same hypothetical allegations fail to set forth a substantive claim upon which relief may be granted.

Accordingly, Specialty submits this Memorandum in Support of its Motion to Dismiss the claims and relief sought against it under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which this Court can grant relief against Specialty. As discussed in detail below, these claims against Specialty are premature, speculative, hypothetical, and conclusory, at best. There is no existing controversy with regard to Specialty. There is no set of existing facts triggering any provision of the lease. There has been no request for compliance with any provision of the lease. And so, of course, there has been no threat of noncompliance with the lease.

The dismissal of Specialty from this matter will not frustrate the implementation of a court order or the proper administration of justice. There is no current order to be interfered with. This

---

[1] Denka Performance Elastomer, LLC ("Denka").

{N2029540 -}  2

key factor consequently makes the hypothetical issues and preemptive claims against Specialty not ripe for review, because this Court has not issued an order that Specialty has either failed to comply with, nor has Specialty impaired Denka's compliance with any order by unreasonably withholding consent for necessary construction activities.

Accordingly, both for lack of jurisdiction over this prematurely filed claim and the Plaintiff's Complaint's substantive failure to state a claim upon which this Court can grant relief against Specialty, Specialty should be dismissed from the litigation pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).

**I.    Factual Background**

In 2015, Denka purchased the neoprene manufacturing operations at the Pontchartrain Plant (the "Denka Facility") from E. I. du Pont de Nemours and Company ("EID") (Complaint ¶27). However, Denka did not purchase the land on which the Denka Facility is located. On October 30, 2015 (effective October 31, 2015), Denka and EID entered into a ground lease for the immovable property underlying the Denka Facility (the "Ground Lease"), thereby creating a lessee/lessor relationship. The lessor's rights under the Ground Lease were transferred to Specialty in 2019. Pursuant to the Ground Lease, the lessee (Denka) may be required to obtain the lessor's consent for certain types of construction activities. This consent cannot be unreasonably withheld.

There is no prior actual history of EID or Specialty not giving consent to Denka to perform any construction activities necessary to comply with any orders to reduce emissions or take any other action. For example, as set forth in the Plaintiff's Complaint, in connection with a January 6, 2017, agreed upon Administrative Order on Consent issued by the LDEQ, Denka voluntarily reduced chloroprene emissions from its neoprene manufacturing operations through the construction of a Regenerative Thermal Oxidizer ("RTO"). (See Complaint ¶34.) Notably, the Complaint contains no allegation that there was ever a lease dispute or that the lessor failed to give

consent to this or any other Denka emission reduction construction activity to date. (Indeed, it has not.)

On March 3, 2023, the Plaintiff filed this Complaint which seeks relief against Specialty for the following hypothetical issues and preemptive claims:

- "in order for complete relief to be afforded in this matter the Court **may** need to involve DuPont because it maintains rights or interests under the Ground Lease as the owner of the land upon which Denka's neoprene manufacturing operations are located." Complaint at ¶26.

- "the relief that the United States seeks from Denka **may** require onsite construction or other work that work that requires Dupont's consent . . ." *Id*

- "Based on the terms of the Ground Lease, Denka **may** need permission or cooperation from DuPont in order take the necessary actions to abate the imminent and substantial endangerment posed by its current chloroprene emissions." Complaint at ¶ 65.

- "Any delay or refusal by DuPont Specialty Products to authorize Denka under the Ground Lease to comply with the requirements of any order of this Court will contribute to the emissions of air pollution with the meaning of 42 U.S.C § 7412." Complaint at ¶66.

(Emphasis added.) As explained below, these allegations fail to establish either that this Honorable Court has subject matter jurisdiction over this claim or that the allegations state a claim upon which relief may be granted.

## II. Legal Standard

As the party asserting jurisdiction, Plaintiff bears the burden of proving that this Court has subject matter jurisdiction over the claim against Specialty. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "[A] motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.

2001). A court may base its disposition of a motion to dismiss under Rule 12(b)(1) on the following: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009).

The standard of review applicable to a motion to dismiss under Rule 12(b)(1) is similar to that applicable to motions to dismiss under Rule 12(b)(6). *Williams v. Wynne*, 533 F.3d 360, 364-65 n.2 (5th Cir. 2008) (observing that the Rule 12(b)(1) and Rule 12(b)(6) standards are similar, but noting that applying the Rule 12(b)(1) standard permits the Court to consider a broader range of materials in resolving the motion). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. 544, 555 (2007). Courts will "assess a Rule 12(b)(6) motion only on 'the facts stated in the complaint and the documents either attached to or incorporated in the complaint.'" *Ferguson v. Bank of New York Mellon Corp.*, 802 F.3d 777, 780 (5th Cir. 2015).

Here, the Plaintiff asserts jurisdiction under the All Writs Act, 28 U.S.C. § 1651. The All Writs Act empowers a federal court to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). However, this statute does not provide an independent basis of jurisdiction. *V.N.A. of Greater Tift County, Inc. v. Heckler*, 711 F.2d 1020, 1024 n.5 (11th Cir. 1983). As a result, Plaintiff fails to meet its burden of demonstrating subject matter jurisdiction.

The Act enables a federal court to "issue such commands ... as may be necessary or

appropriate to effectuate and *prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained*[.]" *United States v. New York Tel. Co.*, 434 U.S. 159, 172, 98 S. Ct. 364, 372 (1977). The Supreme Court has held, "[t]he power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice ... " *New York Tel. Co., 434 U.S.* at 174 (citations omitted). However, the authority granted in the All Writs Act is an "extraordinary remedy," which should not be issued unless the issuing court is satisfied that it is appropriate under the circumstances. *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380 (2004); *State of La. v. Geason*, No. 00-144, 2000 WL 782067, at *2 (E.D. La. June 16, 2000) (quoting *ITT Community Development Corp. v. Barton*, 569 F.2d 1351, 1358-59 (5th Cir. 1978)). This case does not warrant this extraordinary remedy, nor is it otherwise available, as there is no currently justiciable case and controversy with regard to Specialty that can give rise to independent subject matter jurisdiction in this case.

Further, the Plaintiff's Complaint does not allege sufficient facts to state a claim for relief that is plausible on its face. The Plaintiff's Complaint does not allege any facts to support an argument that there is an actual controversy regarding Specialty's consent (or failure to give consent) under provisions of the Ground Lease which would prevent Denka from performing under a hypothetical order. Further, the Plaintiff's Complaint does not allege any facts supporting a finding that there is an actual disagreement or controversy between Specialty and Denka regarding any contractual provision, or that Specialty has interfered with Denka's performance under any court order (considering the Court has not issued an order yet). Instead, the Plaintiff's Complaint only presents hypothetical issues that are speculative. (*See* Complaint ¶¶ 26, 65, 66.) "Factual

allegations must be enough to raise a right to relief above the speculative level."[2] Here, the Plaintiff's allegations against Specialty are purely speculative, and Plaintiff's Complaint does not state a claim of relief against Specialty. Accordingly, the Complaint cannot survive either Specialty's Rule 12(b)(1) or 12(b)(6) motion, and Specialty's Motion to Dismiss should be granted.

### III. Argument

#### A. The Court Does Not Have Jurisdiction Over the Relief Sought Against Specialty.

##### 1) The Relief Sought Against Specialty is not Ripe for Review.

The basic function of ripeness is "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Abbott Labs v. Gardner*, 387 U.S. 136 at 148, 87 S.Ct. 1507. In fact, a test for ripeness is mandated by the constitutional requirement that federal jurisdiction extends only to actual cases or controversies." *Ernst & Young v. Depositors Econ. Prot. Corp.*, 45 F.3d 530, 535 (1st Cir.1995). Because the claims against Specialty are not ripe for review, they should be dismissed under Federal Rule of Civil Procedure 12(b)(1).

Here, the issues that are presented against Specialty are not immediate and are far from ripe. Rather, they are hypothetical and preemptive, and do not show any actual harm. Plaintiff's own assertions illustrate this point. Within its Complaint, Plaintiff's states that the Court "**may need**" to involve Specialty (Complaint ¶¶ 26, 65, 66, emphasis added) in order for complete relief to be afforded:

- "in order for complete relief to be afforded in this matter the Court **may** need to involve DuPont because it maintains rights or interests under the Ground lease as the owner of the land upon which Denka's neoprene manufacturing operations are located." Complaint at ¶26.

---

[2] *See Twombly,* 550 U.S. 544, 555 (2007).

- ". . .the relief that the United States seeks from Denka **may** require onsite construction or other work that work that requires Dupont's consent . . ." *Id.*

- "Based on the terms of the Ground Lease, Denka **may** need permission or cooperation from DuPont in order take the necessary actions to abate the imminent and substantial endangerment posed by its current chloroprene emissions." Complaint at ¶ 65.

(Emphasis added.)

The Plaintiff has not identified any actual or immediate current harm that would occur if Specialty were not included as a Party in this action. This Court has not issued an order that Specialty has either failed to comply with or impaired Denka's compliance by withholding consent for necessary construction activities. Moreover, the Ground Lease specifically provides that Specialty's consent cannot be unreasonably withheld.

As such, Specialty's position is no different than any office or agency, such as parish building permits or the fire department, whose authority may be implicated at some future time in the event that Denka is not successful in opposing the Plaintiff's case, and in the event that the specific relief awarded takes the form of requiring the type of specific construction activities that trigger potential approval processes. The Plaintiff has not attempted to force any of those other potential approval sources to expend the significant resources necessary to participate in this litigation while they await the outcome of the dispute between the Plaintiff and Denka.

Further, the Plaintiff's Complaint does not point to any facts to support the argument that Specialty would withhold consent for future construction activities potentially ordered by this Court. To the contrary, the Complaint alleges facts which support a presumption that Specialty would comply with the terms of the Ground Lease by directing the Court's attention to construction at the site that was conducted while the Ground Lease was in place. (*See* Complaint ¶34.) As the Complaint states, Denka has made efforts since 2017 to reduce emissions by undergoing various

construction activities at the Pontchartrain Site. *Id*. There is no evidence, or even allegation, that Denka's lessor unreasonably withheld consent to perform those activities. The activities all took place without any required intervention from any court.

> **2) Fed R. Civ. P. 19(a) Does Not Provide a Basis for Jurisdiction in this Matter, Nor is Specialty a Required Party under Rule 19(a).**

While Plaintiff's Complaint states that it is seeking relief "based on Fed. R. Civ. P. 19(a)," this rule does not itself provide any independent basis for jurisdiction over a claim against Specialty. It is a purely procedural rule. As stated in the 1937 Advisory Committee Notes to the rule, Subdivision (a) is "subject to Rule 82." Fed R. Civ. P. 82 states that "These rules do not extend or limit the jurisdiction of the district courts …" Accordingly, Rule 19(a) provides no basis to keep Specialty in this case.

Additionally, Specialty is not a party which would be required to be joined under Fed. R. Civ. P. 19, even if subject matter jurisdiction did exist. Rule 19(a) provides:

a) Persons Required to Be Joined if Feasible.

> (1) *Required Party*. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

The instant case is an injunction proceeding calling for Denka to reduce its chloroprene emissions. Specialty is not required to be "joined" in this litigation for the Court to grant such an

injunction concerning Denka's operations. Specialty does not own or operate the Denka Facility. Instead, Specialty is a third party that cannot make any of the changes to the Denka Facility that the Plaintiff is seeking. This Court can provide complete relief between the Plaintiff and Denka without Specialty's presence in this litigation. Further, dismissing Specialty from this action will not impair or impede the Plaintiff's ability to protect its interest. Indeed, Denka did not include Specialty in its compulsory counterclaims, because it must recognize that Specialty is not a required or necessary party to resolve its disputes with Plaintiff. Accordingly, Specialty is not a Required Party as defined by Federal Rule of Civil Procedure 19(a) and should be dismissed.

**B. Relief against Specialty is not covered by the All Writs Act, 28 U.S.C. § 1651(a).**

The All Writs Act allows courts to issue writs that are necessary or appropriate in aid of their jurisdiction. However, under the express language of the statute itself, this power should only be exercised in cases where there is an immediate need for judicial intervention. 28 U.S.C. § 1651(a). If the issue at hand is not ripe for review or is not likely to cause harm in the near future, then the court should not use the All Writs Act to address it.

The All Writs Act does not allow courts to preemptively address potential future harm. The statute's threshold requires immediate and necessary action. 28 U.S.C. § 1651(a). The plain text of § 1651(a) confers on all federal courts the authority to issue orders where three requirements are satisfied:

1. Issuance of the writ must be "in aid of" the issuing court's jurisdiction;

2. The type of writ requested must be "necessary or appropriate" to provide such aid to the issuing court's jurisdiction; and

3. The issuance of the writ must be "agreeable to the usages and principles of law."

If an application under the Act meets all three of those requirements, the court "may" issue the requested writ in the exercise of its discretion — but it is never required to do so. Here, the requirements are simply not met.

First, the issuance of a writ against Specialty would not be "in aid" of the court's jurisdiction because the Court may order the relief requested by Plaintiff without issuing a writ against Specialty. With regard to third parties positioned as Specialty is here, the power conferred by the All Writs Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice. *See N.Y. Tel. Co.,* 434 U.S. at 174-98 S.Ct. 364. However, there is no current court order on the matter; and Specialty is not in any position to frustrate the implementation of a court order.

The Court in *N.Y. Tel Co.*, illustrated an extraordinary circumstance in which a court exercised its All Writs Act authority over a third party when the third party frustrated the implementation of a court order. In *N.Y. Tel Co.*, the district court determined that probable cause existed to justify the use of a pen register (a device to record telephone numbers that are dialed) in a criminal investigation, and it ordered a local telephone company (New York Telephone Company) to assist the FBI with its investigation. New York Telephone Company refused to cooperate fully because of its concern that a pen register qualified as a wiretap, which would trigger stringent procedural requirements that were not followed. *Id.*, at 163, 98 S.Ct. 364. The lower court ruled that pen registers were not wiretaps and then issued an All Writs Act order directing New York Telephone Company to comply with the previously issued order. *Id.* The Supreme Court affirmed, reasoning that there was no way the FBI could have accomplished its court-authorized

surveillance without the company's cooperation; the phone company (a public utility with a "duty to serve the public") was not far removed from the controversy because its facilities were being used in a crime; and the assistance required was not "in any way burdensome." *Id.* at 174–75, 98 S.Ct. 364.

The holding in *N.Y. Tel Co*. is clearly not applicable here. Unlike in *N.Y. Tel. Co*., Specialty is not interfering with the implementation of any order issued by this Court. As such, the Act should not extend relief sought against Specialty under the All Writs Act. Further, it would be incredibly burdensome for Specialty to have to participate in this obviously highly involved and expensive litigation while it waits to see if an order might be issued against Denka that would trigger a decision to be made under the Ground Lease. Additionally, the Plaintiff's Complaint does not point to any facts that suggest that Specialty would not cooperate with any order the Court "may" render requiring Denka to make improvements to the Denka Site that would require Specialty's consent. The fact that the Court may order some relief that may require that Denka interact with third parties to carry out the relief does not make the All Writs Act apply to mandate that such third parties appear before the Court in advance and be forced to submit to all future potential outcomes. The All Writs Act cannot be used as an "in advance road grader" to clear all potential future bumps in the road that may arise post litigation under Plaintiff's presumption that it will be successful in all that it asks for.

Second, the Plaintiff's claim is not necessary to aid the court's jurisdiction because, again, there is no order issued by this Court to enforce. There is no actual controversy regarding Specialty's consent (or failure to give consent) under provisions of the Ground Lease which would prevent Denka from performing under an order. Here, there is no actual disagreement or controversy between Specialty and Denka regarding any contractual provision, and Specialty

certainly has not interfered with Denka's performance under any court order, nor does the Plaintiff even allege this. The Court's involvement in the matter would constitute sitting in an advisory capacity on a hypothetical future disagreement between Denka and Specialty.

Third, the Plaintiff's involvement in Denka's and Specialty's contractual relationship created by the Ground lease is not "agreeable to the usages and principles of law", as is required by the statute. 28 U.S.C. § 1651(a), because it is not agreeable to basic principles of contract law. The Plaintiff is not in privity of contract with either Denka or Specialty. As such, the Plaintiff has no right to ask this Court to give an advisory opinion on how this contract, to which it is not a party, should be interpreted under future hypothetical facts. If at some future time there is a set of facts in existence which gives rise to certain of Denka's and Specialty's relative rights and responsibilities under the Ground Lease, Denka and Specialty will determine whether they have any disagreement as to consent. The Plaintiff has no right to attempt to interject itself into this third-party contractual relationship, and the law does not allow it.

Lastly, this litigation simply does not present any extraordinary circumstances that would justify the exercise of this Court's All Writs Act authority. As the Plaintiff knows from this Court's review of EPA's own Motion to Dismiss for Lack of Jurisdiction in *Consol. Envtl. Mgt., Inc. v. McCarthy*, 16-1432, 2016 WL 6876647, at *1 (E.D. La. Nov. 22, 2016) (opinion attached hereto as Exhibit A), the exercise of All Writs Act authority is an extraordinary remedy. *Id. at* *6. The dispute in *Consol. Envtl. Mgt., Inc. v. McCarthy*, arose out of the EPA's actions in response to petitions filed in an earlier matter pursuant to Title V of the Clean Air Act ("CAA"), 42 U.S.C. § 7661d(b)(2), requesting that EPA object to permits initially issued to Nucor Steel Louisiana, LLC ("Nucor") by the Louisiana Department of Environmental Quality ("LDEQ") in 2010 and 2011 for two industrial processes at Nucor's plant in St. James Parish, Louisiana. *Id. at* *1. The EPA's

response to those petitions included orders issued on March 23, 2012 ("2012 Order") and on January 30, 2014 ("2014 Order") (jointly referred to as "Orders"). In the 2012 Order, the EPA issued an objection, as requested by the petitioner. In the 2014 Order, the EPA granted the petition in part, issuing objections as to certain issues, but denied the petition as to other issues. *Id.*

Thereafter, certain parties in that original matter filed a new citizen suit. *Id.* The *Consol. Envtl. Mgt., Inc.* plaintiff brought claims against the EPA and sought, among other things, a declaratory judgment to specify which future actions the EPA could take and deal with any potential future objections by EPA to upcoming permit renewals. *Id. at \*2.* The complaint alleged that the Court had jurisdiction over its claims pursuant to the Clean Air Act, the Administrative Procedure Act, and the All Writs Act.

In response, EPA filed a motion to dismiss for lack of subject matter jurisdiction. *Id.* EPA's motion asserted, among other things, that the plaintiff's argument regarding the permit renewals was simply based upon speculation as to what EPA and other parties may do in the future. EPA advised that this failed to establish the existence of a current or sufficiently imminent injury to establish standing.

The Court granted EPA's motion to dismiss for lack of jurisdiction on multiple grounds. As a part of its opinion, this Court found that the All Writs Act did not avail plaintiffs for two reasons. *Id. at \*6.* First, it recognized that the All Writs Act does not create or enlarge jurisdiction and does not allow this Court to provide relief that is outside the Court's jurisdiction. *Id.* (*citing Singh v. Duane Morris LLP*, 538 F.3d 334, 341 (5th Cir. 2008). Because the Court otherwise lacked jurisdiction to grant the relief plaintiffs requested, it also found that the All Writs Act was not applicable. Secondly, this Court explained that "the authority granted in the All Writs Act is an 'extraordinary remedy,' which should not be issued unless the issuing court is satisfied that it

is appropriate under the circumstances." *Id.* (*citing Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380 (2004); *State of La. v. Geason*, No. 00-144, 2000 WL 782067, at *2 (E.D. La. June 16, 2000) (quoting *ITT Community Development Corp. v. Barton*, 569 F.2d 1351, 1358-59 (5th Cir. 1978)). The Court concluded that the case did not warrant the extraordinary remedy sought by the plaintiffs there.

Here, like in *Consol. Envtl. Mgt., Inc.,* there are no extraordinary circumstances or extraordinary factors that would warrant the extraordinary remedy of exercising the Court's All Writs Act authority. The claims made are clearly speculative as to some theoretical injury that may occur in the future if certain circumstances come into existence. Moreover, the remedy sought by the Plaintiff here is even more extraordinary than the remedy sought in *Consol. Envtl. Mgt., Inc.,* because the Plaintiff here is asking the Court to exercise its All Writs authority over a third party and sit in an advisory capacity on a hypothetical future disagreement between Denka and Specialty under a contract to which the Plaintiff is not even a party. Accordingly, Specialty's Motion should be granted, and the claims against Specialty should be dismissed.

### C. The Claims Against Specialty Should Be Dismissed under Federal Rule of Civil Procedure 12 (b)(6).

Alternatively, under the very similar analysis noted above, the claims against Specialty should be dismissed under Federal Rule of Civil Procedure Rule 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matters, accepted as true, to state a claim of relief that is plausible on its face. *See Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. *Kaiser Aluminum Etc. v. Avondale Shipyards*, 677 F.2d 1045 at 1050. Further, a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the failure to allege a cognizable legal theory or

the failure to allege sufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir.1984). To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief," thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *See Twombly*, 550 U.S. at 555.

Here, the Plaintiff's Complaint does not allege sufficient facts to state a claim for relief that is plausible on its face. The Plaintiff's Complaint does not allege any facts to support any argument that there is an actual controversy regarding Specialty's consent (or failure to give consent) under any provision of the Ground Lease which would prevent Denka from performing under an order. Further, the Plaintiff's Complaint does not allege any facts supporting a finding that there is an actual disagreement or controversy between Specialty and Denka regarding any contractual provision, or that Specialty has interfered with Denka's performance under any court order.

Instead, the Plaintiff's Complaint only presents the Plaintiff's speculation that if it is successful in obtaining certain of the vehemently opposed relief that it seeks against the primary party defendant, and if the relief ordered turns out to be of a nature that could trigger consent provisions in the lease of the ground underneath the plant, then Specialty might unreasonably withhold its consent for its lessee to engage in whatever construction might be necessary under the potential future order. "Factual allegations must be enough to raise a right to relief above the speculative level."[3] The allegations in the Plaintiff's Complaint against Specialty simply do not rise above the speculative level. Therefore, the Plaintiff's Complaint does not state a claim of relief

---

[3] *See Twombly,* 550 U.S. 544, 555 (2007).

against Specialty for which relief can be granted by this Court. Accordingly, the Complaint cannot survive this Rule 12(b)(6) Motion, and Specialty's Motion to Dismiss should be granted.

## CONCLUSION

As set forth above, Specialty should be dismissed from this litigation pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). First, neither the All Writs Act nor Federal Rule of Civil Procedure 19(a) provide an independent basis for jurisdiction in this matter. The Plaintiff's Complaint must independently meet the standards of ripeness and justiciability, which it does not.

Moreover, Specialty is not a Required Party, as defined by Federal Rule of Civil Procedure 19(a). This Court can afford complete relief amongst the Plaintiff and Denka without Specialty's presence in this litigation. Further, dismissing Specialty from this action does not impair or impede Plaintiff's ability to protect its interest. The dismissal of Specialty in this matter will not frustrate the implementation of a court order or the proper administration of justice, because there is no current order that Specialty has either failed to comply with or impaired Denka's compliance by withholding consent for necessary constructions activities.

This Honorable Court does not have subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 19(a), the All Writs Act or any other authority as to the claims against Specialty. The Plaintiff's allegations against Specialty are only speculative, and Plaintiff's Complaint does not state a claim for relief against Specialty that can be granted by this Court. Accordingly, the Complaint cannot survive this Rule 12(b)(1) and Rule 12(b)(6) motion. Thus, Specialty should be dismissed from the litigation.

> Respectfully submitted,
>
> */s/ Eric E. Jarrell*
> ERIC E. JARRELL (#16982)
> ROBERT J. BURVANT (#14119)
> KRYSTIN FRAZIER-SANTIAGO (#33838)
> MARIE O. LUIS (#38332)
> **KING & JURGENS, LLC**
> 201 St. Charles Avenue, 45th Floor
> New Orleans, Louisiana 70170
> Telephone: (504) 582-3800
> Telefax: (504) 582-1233
> ejarrell@kingjurgens.com
> rburvant@kingjurgens.com
> kfraziersantiago@kingjurgens.com
> mluis@kingjurgens.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing was served upon known counsel of record for all parties by electronic mail, this 2nd day of May 2023.

> */s/ Eric E. Jarrell*
> ERIC E. JARRELL #16982

{N2029540 -}                            18