UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | CIVIL ACTION |
| VERSUS | |
| | NO. 23-735 |
| DENKA PERFORMANCE ELASTOMER, LLC and DUPONT SPECIALTY PRODUCTS USA, LLC | SECTION: "J"(5) |

## **ORDER & REASONS**

Before the Court is a *Motion to Dismiss Pursuant to Federal Rules of Civil procedure 12(b)(1) and 12 (b)(6)* **(Rec. Doc. 49)**, filed by DuPont Specialty Products USA, LLC and an opposition filed by the United States of America (Rec. Doc. 58). Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED.**

## **FACTS AND PROCEDURAL BACKGROUND**

Denka Performance Elastomer, LLC ("Denka") owns and operates a neoprene manufacturing facility in St. John the Baptist Parish. Denka purchased this facility in 2015 from E. I. du Pont de Nemours and Company ("E. I. du Pont"), but Denka did not purchase the land underlying the facility. Instead, Denka entered into a ground lease with E. I. du Pont. In 2019 E. I. du Pont transferred the lessor's rights under this lease to DuPont Specialty Products USA, LLC ("DuPont"). The United States of America has sued Denka, arguing that the chloroprene emissions constitute an imminent danger to public health in the communities surrounding its facility. The United States has also sued DuPont as Denka's landlord, arguing that

1

DuPont is a necessary party to this litigation who could prevent the Court from according complete relief in this matter. The lease between Denka and DuPont empowers DuPont to withhold consent for certain types of construction activities Denka may be ordered to complete, and the United States asserts that this could prevent Denka from complying with the injunctive relief that the United States has requested in its Motion for Preliminary Injunction. (Rec. Doc. 9). DuPont argues that "there is no prior actual history of [E. I. du Pont] or [DuPont] not giving consent to Denka to perform any construction activities necessary to comply with any orders to reduce emissions or take any other action" and that the Court lacks subject matter jurisdiction over "hypothetical allegations" that DuPont may interfere with Denka's compliance. (Rec. Doc. 49, at 3). Alternatively, DuPont argues that even if its subject matter jurisdiction arguments fail, this Court should dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(6) because the United States' claims "do not rise above the speculative level." *Id.* at 16.

## LEGAL STANDARDS

In deciding a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "the district court is 'free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.'" *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). The party asserting jurisdiction must carry the burden of proof for a Rule 12(b)(1) motion to dismiss. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011). The standard of review for a motion to dismiss under Rule 12(b)(1) is the same

as that for a motion to dismiss pursuant to Rule 12(b)(6). *United States v. City of New Orleans*, No. 02-3618, 2003 WL 22208578, at *1 (E.D. La. Sept. 19, 2003). If a court lacks subject matter jurisdiction, it should dismiss without prejudice. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209 (5th Cir. 2010). When "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Id.* (internal quotation marks and citation omitted).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, "'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

**DISCUSSION**

DuPont has filed the instant motion to dismiss arguing that this Court lacks subject matter jurisdiction over DuPont and alternatively, that Plaintiff's complaint fails to state a claim upon which relief can be granted. (Rec. Doc. 49, at 1).

### I. DuPont's 12(b)(1) Arguments

DuPont asserts that the Court does not have jurisdiction over the United States' claims against it. First, DuPont argues that these claims are not ripe. Inherent in Article III's grant of power to the federal judiciary is the limitation that Courts are only to hear cases and controversies which are ripe, meaning that they are more than "premature or speculative." *Shields v. Norton,* 289 F.2d 832, 835 (5th Cir. 2002). DuPont argues that the United States has not identified any actual or immediate harm that would occur if DuPont were not a party to this litigation. (Rec. Doc. 49, at 8). DuPont points out that this Court has not issued any order with which DuPont has prevented Denka's compliance, nor can DuPont unreasonably withhold consent for necessary construction activities under the terms of the Ground Lease. *Id.* Therefore, DuPont reasons that any claims against it are based on mere speculation that it would exercise its discretion to prevent Denka from obeying an order of this Court.

Additionally, DuPont argues that Federal Rule of Civil Procedure 19(a) does not provide a basis for jurisdiction in this matter. Rule 19(a) provides that

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

4

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

The United States has asserted that DuPont's presence in this litigation is necessary under Rule 19, but DuPont argues that not only does Rule 19(a) not provide a basis for jurisdiction but also that DuPont is not a necessary party because it is a "third party that cannot make any of the changes to the Denka Facility that the Plaintiff is seeking." (Rec. Doc. 49, at 10).

In addition to Rule 19, the United States' claims against DuPont are also based on the All Writs Act, 28 U.S.C. § 1651. However, DuPont argues that the All Writs Act does not apply to the relief requested against it. The All Writs Act provides in relevant part that "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." All Writs Act, 28 U.S.C. § 1651(a). DuPont argues that "the issuance of a writ against [DuPont] would not be 'in aid' of the court's jurisdiction because the Court may order the relief requested by Plaintiff without issuing a writ against [DuPont]." (Rec. Doc. 49, at 11). DuPont argues that it is merely a third party to this action and is "not in any position to frustrate the implementation of a court order" because no such order yet exists in this case. *Id.* DuPont cites *U.S. v. N.Y. Tel. Co.*, 434 U.S. 159 (1977) as an

5

example of the extraordinary circumstances in which it argues the All Writs Act should be used. In *N.Y. Tel. Co.*, the court ordered a telephone company to assist the government in using a pen register as part of a criminal investigation. *Id.* at 159. The telephone company initially refused to cooperate, stating that it was concerned that the pen register was really a wiretap and therefore would be improper without meeting more stringent procedural requirements. *Id.* at 163. The Supreme Court of the United States held that the issuance of the All Writs Act order directing the phone company to comply was proper because the criminal investigation would not have been possible without the phone company's cooperation and because compliance with the order required minimal effort on the part of the company. *Id.* at 175. DuPont argues that the case at hand differs from *N.Y. Tel. Co.* because, unlike in that case, DuPont is not actually interfering with the implementation of any order. Furthermore, DuPont argues that unlike the telephone company, it would be "incredibly burdensome" for them to have to participate in this "highly involved and expensive litigation" while awaiting a Court order with which Denka may have to comply. (Rec. Doc. 49, at 12).

DuPont also argues that "the Plaintiff's involvement in Denka's and [DuPont's] contractual relationship created by the Ground Lease is not 'agreeable to the usages and principles of law', as is required by the statute." *Id.* at 13 (citing 28 U.S.C. §1651(a)). DuPont argues that because there is no privity of contract between itself and the United States, the Court should not be able to give an "advisory opinion" on how the Ground Lease would apply to hypothetical facts. *Id.*

6

Finally, DuPont argues that this litigation does not present any extraordinary circumstances which would warrant the use of the All Writs Act and that the All Writs Act does not create or enlarge jurisdiction where none already existed. (Rec. Doc. 49, at 14) (citing *Consol. Envtl. Mgt., Inc. v. McCarthy*, 2016 WL 6876647 (E.D. La. Nov. 22, 2016)). In support, DuPont points to *Consol. Envtl. Mgt., Inc. v. McCarthy*, 2016 WL 6876647 (E.D. La. Nov. 22, 2016). That case involved a citizen suit against the EPA seeking, in part, a declaratory judgment stating what actions the EPA could theoretically take regarding permit renewals for the Nucor plant in St. James Parish. *Id.* at *2. The EPA filed a motion to dismiss for lack of subject matter jurisdiction, and the Court found that because it lacked jurisdiction under the Clean Air Act, the All Writs Act could not apply on its own. *Id.* at *6. DuPont reasons that like with the hypothetical permit renewals in *Consol. Envtl. Mgt., Inc.*, the claims made by the United States are far too speculative and do not warrant the extraordinary remedy of the All Writs Act.

In response, the United States asserts that DuPont's motion misses the point by failing to address any of the three statutes which the United States argues provide subject matter jurisdiction over this case as a whole. (Rec. Doc. 58, at 11). First, the United States argues that 42 U.S.C. § 7603 provides subject matter jurisdiction. This statute authorizes that

> upon receipt of evidence that a pollution source or combination of sources (including moving sources) is presenting an imminent and substantial endangerment to public health or welfare, or the environment, may bring suit on behalf of the United States in the appropriate United States district court to immediately restrain any person causing or contributing to the alleged pollution to stop the

7

> emission of air pollutants causing or contributing to such pollution or to take such other action as may be necessary.

42 U.S.C. § 7603. The United States argues that "this broad statutory grant of jurisdiction to protect public health and welfare clearly encompasses the Court's ability to add necessary parties under Rule 19(a) and to invoke the All Writs Act." (Rec. Doc. 58, at 12). Additionally, the United States argues that there is both federal question jurisdiction through 28 U.S.C. § 1331 and federal party jurisdiction under 28 U.S.C. § 1345. Because this Court has jurisdiction over this matter as a whole through the above listed statues, Rule 19 and the All Writs Act are merely secondary tools the United States may use to join DuPont in this action. The United States also asserts that DuPont erroneously blurs the line between personal and subject matter jurisdiction by ignoring the fact that "ripeness is determined as to the case or controversy before the court, not as to individual parties." (Rec. Doc. 58, at 11). Therefore, the United States argues, the fact that these three statutes present ripe bases for subject matter jurisdiction over the matter as a whole means that any particular ripeness arguments as to DuPont are irrelevant.

The United States' claims against Denka in this case are unquestionably ripe; DuPont does not even attempt to argue that they are not so. There is no requirement that the United States must make separate claims against DuPont which are independently ripe. DuPont cites to no authority that suggests ripeness must be determined separately as to each party in an action. In fact, the United States need not and does not make any claims regarding DuPont's fault in this

8

matter at all. DuPont is in a position to frustrate potential remedies, which in itself is enough to warrant its inclusion in this case. This Court has subject matter jurisdiction over this matter as a whole, and that jurisdiction extends to DuPont. The only requirements for DuPont's involvement in this case are that the matter as a whole is justiciable and that DuPont's interests may be affected by the outcome of this case under Rule 19(a).

Turning then to Rule 19(a), the United States does not attempt to dispute the fact that Rule 19 does not confer subject matter jurisdiction on its own. Instead, The United States argues its claim for emergency relief is ripe, and therefore "the innately connected question of whether DuPont's rights over Denka under the Ground Lease trigger Rule 19(a) is, consequently, also ripe." (Rec. Doc. 58, at 14). Rule 19(a) mandates joinder of a party in whose absence complete relief would be impossible or who is so situated that disposing of the action without them may "(i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." The United States emphasizes that even though the ultimate effect the Ground Lease may as of yet be unclear, this does not negate the fact that without DuPont, any relief imposed by this Court may be incomplete.

The United States points to *PennEnvironment v. PPG Industries, Inc.*, 2018 WL 5312778 (W.D. Penn. Oct. 26, 2018) as instructive. In this case, the court considered whether a property owner was a necessary party under Rule 19 when

that owner maintained a right-of-way which could potentially be needed for a clean-up operation related to pollutants that seeped through a waste lagoon. *Id.* at *1, 6. As in the case at hand, the property owner argued that the claims against it were not ripe and that "any claimed need for judgment against it 'rests upon contingent events that may not occur as anticipated, or indeed may not occur at all.'" *Id.* at *4.. Again, just as in this case, the claims against the alleged polluter whose liability was at issue were ripe and that alone was sufficient to establish subject matter jurisdiction over the case as a whole. *Id.* at 5. The court in *PennEnvironment* had not yet ordered injunctive relief and had not determined that the right-of-way would be a necessary part of carrying out that relief. *Id* However, the court found that the property owner was a necessary party because a complete remedy "*could* include access to [the property owner's] right-of-way." *Id.* at *6 (emphasis added).

As in *PennEnvironment*, DuPont's consent may be a necessary prerequisite for Denka to carry out any orders that this Court might issue, even though injunctive relief has not yet been ordered. Under the Ground Lease, DuPont must give its consent for Denka to "conduct any subsurface excavation," "implement, begin or add any [] proposed modifications, new processes or new or different chemicals," or even to "conduct any sampling of soil or groundwater." (Rec. Doc. 76-2, at 14-16). All of these activities and more are conditioned on "DuPont's sole and absolute discretion." *Id.* at 14. Although DuPont asserts that there is no evidence that it would withhold consent for construction activities ordered by this Court, this assertion only serves as an admission that DuPont could do so if it wanted under

10

the terms of the Ground Lease. (Rec. Doc. 49, at 8). Likewise, in *PennEnvironment*, the court found it noteworthy that the owner of the right-of-way moved for a settlement conference and insisted on formal agreements to allow access to the right-of-way, all while insisting that it had allowed reasonable access for investigation and remediation in the past. *PennEnvironment*, 2018 WL 5312778 at *5. The court took these actions as evidence that a complete remedy would be impossible without the property owner's participation in the case. *Id.* at *6. DuPont may say there is no evidence it would interfere with Denka's hypothetical court-ordered actions, but the fact remains that it already has a formal agreement in place which governs and restricts Denka's ability to carry out actions potentially necessary to afford complete relief, and therefore, without DuPont's participation, any potential remedy might be stalled or blocked. Therefore, the Court finds that DuPont is a necessary party to this action.

As to the All Writs Act, the United States argues that the same foundation which allows the Court to decide that DuPont is a required party under Rule 19 also empowers the Court to use the All Writs Act. (Rec. Doc. 58, at 6). The All Writs Act contains no requirement that a party actually frustrate the implementation of an order or engage in wrongdoing. In fact, in *N.Y. Tel. Co.*, the very case which DuPont cites in support of their All Writs Act arguments, the Supreme Court stated that "the power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper

11

administration of justice." 434 U.S. at 174. The mere fact that DuPont is in a position to frustrate a potential Court order is sufficient. The Supreme Court has cautioned that the All Writs Act should be used sparingly. *Hobby Lobby Stores, Inc. v. Sebelius*, 568 U.S. 1401, 1403 (2012) (citing *Turner Broadcasting System, Inc. v. FCC*, 507 U.S. 1301, 1303 (1993)). However, the merits of this claim are not at issue at the motion to dismiss stage. Therefore, the Court finds that it does have jurisdiction and that DuPont is a proper party to this action.

## II.  DuPont's Alternative 12(b)(6) Arguments

In the alternative, and for similar reasons to its 12(b)(1) argument, DuPont argues that the claims against it should be dismissed under Federal Rules of Civil Procedure Rule 12(b)(6). DuPont argues that the Complaint does not allege "an actual controversy regarding [DuPont's] consent (or failure to give consent) under any provision of the Ground Lease which would prevent Denka from performing under an order." (Rec. Doc. 49, at 16). Instead, DuPont states that the complaint only presents

> the Plaintiff's speculation that if it is successful in obtaining certain of the vehemently opposed relief that it seeks against the primary party defendant, and if the relief ordered turns out to be of a nature that could trigger consent provisions in the lease of the ground underneath the plant, then [DuPont] might unreasonably withhold its consent for its lessee to engage in whatever construction might be necessary under the potential future order.

*Id*. DuPont's characterization of its role in the case is not entirely inaccurate, but it is for the very reasons that DuPont lists that it is a proper party to this action. As a necessary party under Rule 19, DuPont's role in this case necessarily hinges on

12

whether this Court imposes injunctive relief on its lessee, Denka. The level of vehemence with which this relief is opposed is irrelevant. Rule 19(a) requires the joinder of parties whose interests *may* be impaired or impeded or whose absence prevents complete relief. DuPont freely admits that its consent might be required for certain types of construction activities, and the United States has requested injunctive relief that may necessitate these types of construction activities. The fact that this has not been established with complete certainty is irrelevant at the motion to dismiss stage. The fact that DuPont "might unreasonably withhold its consent" is exactly the reason why its presence in this case is necessary and why the claims against it are plausible on their face. Under the Ground Lease, DuPont has discretion to ratify, to decline, or to stall activities which Denka may be required to carry out as a part of the resolution to this case.[1] Neither DuPont nor Denka dispute that DuPont has this power. DuPont does not cite any authority as to why the arguments that failed as to subject matter jurisdiction should hold any more weight when applied to Rule 12(b)(6). Therefore, DuPont's motion fails as to its 12(b)(6) arguments.

---

[1] DuPont would also be a necessary party to any Court-ordered settlement discussions or mediation.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that DuPont's *Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)* **(Rec. Doc. 49)** is **DENIED**.

New Orleans, Louisiana, this 17th day of August, 2023.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE