IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CIVIL ACTION NO. 2:23-cv-735 |
| v. | SECTION J(5) |
| DENKA PERFORMANCE ELASTOMER LLC and DUPONT SPECIALTY PRODUCTS USA, LLC, | JUDGE BARBIER |
| | MAGISTRATE JUDGE NORTH |
| Defendants. | |

**DENKA PERFORMANCE ELASTOMERS LLC'S MEMORANDUM IN SUPPORT
OF MOTION FOR EVIDENTIARY HEARING
ON THE UNITED STATES' MOTION FOR PRELIMINARY INJUNCTION**

Defendant Denka Performance Elastomer LLC ("DPE") respectfully requests that the Court schedule an evidentiary hearing on the United States' Motion for a Preliminary Injunction ("PI Motion") (R. Doc. 9), which is currently set for submission on September 6, 2023. Pursuant to Rule 65(a) of the Federal Rules of Civil Procedure and applicable Fifth Circuit precedent, DPE submits that, under the circumstances of this case, such an evidentiary hearing is required and appropriate before a preliminary injunction may be granted. DPE respectfully submits that the logistics and scope of a potential evidentiary hearing on the PI Motion could be addressed during the status conference set by the Court for September 27, 2023. (R. Doc. 91).

**I.   BACKGROUND**

On February 28, 2023, the United States filed this action under Section 303 of the Clean Air Act (R. Doc. 1).

On March 20, 2023, the United States filed the PI Motion (R. Doc. 9).  On March 30, 2023, DPE filed a motion for expedited discovery regarding the PI Motion (R. Doc. 28), which Magistrate Judge North granted, in part, on April 24, 2023 (R. Doc. 47).

On May 1, 2023, the Court granted DPE's motion to continue the submission date and extend the briefing schedule for the PI Motion, making DPE's Opposition brief due on July 18, 2023, the United States' Reply brief due on August 17, 2023, and setting the submission date for August 23, 2023 (R. Doc. 48).

On July 6, 2023, the United States and DPE jointly requested extensions of the page limits for DPE's Opposition from 40 pages to 50 pages, and the United States' Reply from 25 pages to 32 pages, and an extension of the deadline for the United States' Reply from August 17, 2023, to August 23, 2023, which was the submission date of the PI Motion (R. Doc. 72).

On July 18, 2023, DPE filed its Opposition to the PI Motion (R. Doc. 73) and a Request for Oral Argument (R. Doc. 74) regarding the PI Motion pursuant to LR 78.1.

On August 11, 2023, the Court granted the United States' consent motion to continue the submission date and Reply brief deadline from August 23, 2023, to September 6, 2023 (R. Doc. 86).

Since late April 2023, the United States and DPE have diligently and cooperatively engaged in substantial, but limited, expedited discovery relevant to the PI Motion, including conducting ten depositions, exchanging and responding to written discovery requests, and making voluminous document productions.

Counsel for DPE consulted with counsel for the United States regarding this Motion and the United States has not consented to the parties jointly requesting that the Court set an evidentiary hearing.  However, counsel for the United States agreed in prior correspondence that, should the

Court decide to schedule an evidentiary hearing, the United States and DPE would jointly request that the hearing not commence before November 1, 2023, in order to allow the parties sufficient time to prepare for the hearing, and that such a hearing should be at least five days in length. In light of those points of agreement, DPE proposes that, subject to the Court's availability, an evidentiary hearing be set to commence no sooner than November 1, 2023, to allow the parties sufficient time to prepare for the hearing, and that the hearing be set for at least five days in length. Beyond those points of agreement, however, DPE will defer to the United States to set forth its own position regarding the relief requested by this Motion.

## II.  ARGUMENT

DPE respectfully submits that the breadth and complexity of the issues presented by the PI Motion and DPE's Opposition, the numerous disputed material factual issues, and the volume, scope, and limitations of the expedited discovery completed by the parties merit a multi-day evidentiary hearing, with full fact and expert witness presentations and meaningful cross-examination. DPE further submits that, given the array of disputed material fact issues presented in the parties' competing witness declarations and the gravity of the relief sought by the United States, which could result in a multi-month shut-down of the DPE Facility, the requested hearing is required before a preliminary injunction may be granted to ensure a fair and adequate presentation of the issues and evidence to the Court.

The Fifth Circuit has explained that "the notice contemplated by rule 65(a) mandates that where factual disputes *are* presented, the parties must be given a fair opportunity and a meaningful hearing to present their differing versions of those facts before a preliminary injunction may be granted." *Commerce Park at DFW Freeport v. Mardian Constr. Co.*, 729 F.2d 334, 341 (5th Cir. 1984) (emphasis in original). *Accord Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir.

1996); *see also Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers,* 415 U.S. 423, 432 n.7 (1974) ("The notice required by Rule 65(a) before a preliminary injunction can issue implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition.").

In this case, the parties have submitted a combined 17 witness declarations in support of or in opposition to the PI Motion. EPA submitted nine declarations in support of the PI Motion: (1) James Leathers, an EPA environmental engineer who testified, among other topics, regarding EPA's communications with the Louisiana Department of Environmental Quality prior to instituting this action (PI Motion Ex. B); (2) Dr. Nyesha Black, a demographer, who testified about the make-up of the residential community surrounding the Facility, including how long they tended to live there (PI Motion Ex. C); (3) Dr. John J. Vandenberg, EPA's primary risk assessment expert (PI Motion Ex. D); (4) Dr. Ila L. Cote, a toxicologist, who teamed with Dr. Vandenberg in performing EPA's risk assessment (PI Motion Ex. F); (5) Jefferey R. Harrington, an air permitting consultant, who opined on the alleged feasibility and reasonableness of the measures demanded by EPA's Proposed Order (PI Motion Ex. G); (6) Dr. Helen Suh, an epidemiologist, who disputes the epidemiological analyses relied upon by DPE, including the opinions of DPE's epidemiology expert, Dr. Gary Marsh (PI Motion Ex. H); (7) Nicholas Bobbs, an EPA environmental engineer who provided testimony relating to EPA's Proposed Order (PI Motion Ex. I); (8) Jiayang Chien, an EPA consultant who testified regarding air monitoring results (PI Motion Ex. J); and (9) Richard Wayland, an EPA official who testified regarding EPA's Air Quality System (PI Motion Ex. K).

DPE's Opposition brief, in turn, relies upon eight declarants: (1) Dr. Gary Marsh, an epidemiologist, who testifies regarding his comprehensive epidemiological studies of chloroprene workers published in 2007 and 2021, analyzes applicable data from the Louisiana Tumor Registry,

and disputes all the opinions rendered by EPA's expert, Dr. Suh (Opposition Ex. 3); (2) Dr. Michael Lumpkin, a toxicologist, who disputes every aspect of the risk analysis performed by EPA's experts, Dr. Vandenberg and Dr. Cote (Opposition Ex. 4); (3) Dr. P. Robinan Gentry, a toxicologist and co-author of the physiologically-based pharmacokinetic ("PBPK") model that EPA solicited and then rejected (Opposition Ex. 5); (4) Eric Farstad, an air quality scientist and air modeler, who opined on the Facility's air modeling results applying the EPA-endorsed Human Exposure Model (Opposition Ex. 6); (5) David Blye, an environmental analytical chemist, who opined on the results, and different types, of air monitoring at the Facility (Opposition Ex. 7); (6) Paul S. Casarez, a chemical plant engineer, who opined on the doability and unreasonableness of the measures demanded by EPA's Proposed Order and disputed the material opinions of EPA's expert, Mr. Harrington (Opposition Ex. 8); (7) Jorge Lavastida, the Facility Manager, who testified regarding the harms to DPE if EPA's Proposed Order is granted (Opposition Ex. 9), and (8) Chris Meyers, DPE's Environmental Affairs Manager, who, in tandem with Mr. Casarez, testified regarding the infeasibility and unreasonableness of the measures demanded by EPA's Proposed Order and disputed the material opinions of EPA's expert, Mr. Harrington (Opposition Ex. 10).

     As evidenced by these competing declarations, there is an array of material fact disputes requiring an evidentiary hearing before injunctive relief could be granted. As the Court recently noted, "the scientific inquiry" of whether "the 0.2 μg/m$^3$ level is inaccurate or flawed" "is the central issue of the United States' pending Motion for Preliminary Injunction." (R. Doc. 90 at 18). The opinions and testimony of DPE experts Dr. Marsh, Dr. Lumpkin, Dr. Gentry, and Mr. Farstad go directly to that central issue of scientific inquiry, and directly dispute the opinions and testimony of EPA experts Dr. Suh, Dr. Vandenberg, and Dr. Cote.

As one other key example, the testimony of DPE witnesses Mr. Casarez, Mr. Meyers, and Mr. Lavastida demonstrates that the demands of EPA's Proposed Order are infeasible and dangerous to try to satisfy in the timelines prescribed and, even if completed, would not abate the alleged emergency. That testimony directly disputes the testimony and opinions of EPA expert Mr. Harrington.

"In cases such as this one, … where the parties' affidavit testimony is in direct contradiction as to material questions of fact, 'the propriety of proceeding upon affidavits becomes the most questionable.'" *Heil Trailer Int'l Co. v. Kula*, 542 Fed. App'x 329, 334 (5th Cir. 2013) (quoting *Marshall Durbin Farms, Inc. v. Nat'l Farmers Org., Inc.*, 446 F.2d 353, 356 n.4 (5th Cir. 1971)). The Fifth Circuit has strongly suggested that a district court needs to hear and weigh the testimony of declarants who have provided conflicting declarations. *Heil Trailer*, 542 Fed. App'x 329, 334 n.17 ("[I]t is fundamental that, '[i]f there is a factual controversy, . . . oral testimony is preferable to affidavits because of the opportunity it provides to observe the demeanor of the witnesses.'") (quoting WRIGHT & MILLER ET AL., 11A FED. PRAC. & PROC. CIV. § 2949 (2d ed.)); *Harris Cty., Tex. v. CarMax Auto Superstores Inc.*, 177 F.3d 306, 325 (5th Cir. 1999) ("The Rule's notice requirement necessarily requires that the party opposing the preliminary injunction has the opportunity to be heard and to present evidence.") (citing *Granny Goose Foods,* 415 U.S. 423, 434 n. 7). Here, the many material factual disputes raised by the parties' competing declarations should be presented fully at an evidentiary hearing, where the witnesses will be subject to meaningful cross examination and the Court can assess the witnesses' credibility.

Further, while DPE appreciates the opportunity it was given to take limited expedited discovery relating to the PI Motion, DPE was permitted to depose only four of EPA's nine declarants. By the same token, EPA was permitted to take the depositions of six of DPE's eight

-6-

declarants. An evidentiary hearing will give the parties an opportunity to test the testimony of the witnesses who were not deposed.

Finally, an evidentiary hearing will give DPE an opportunity to address EPA's "rebuttal opinions to selected expert opinions" that EPA has indicated it will be submitting with its Reply brief. (R. Doc. 83 at 2).

### III. CONCLUSION

For the foregoing reasons, DPE requests that the Court set an evidentiary hearing on the PI Motion of at least five days to commence no sooner than November 1, 2023, at the Court's convenience.

Dated: September 1, 2023

JONES WALKER LLP

James C. Percy (La. Bar No. 10413)
445 N. Boulevard, Suite 800
Baton Rouge, LA 70802
Telephone: (225) 248-2130
Facsimile: (225) 248-3130
jpercy@joneswalker.com

Robert E. Holden (La. Bar No. 06935)
Brett S. Venn (La. Bar No. 32954)
201 St. Charles Ave., Suite 5100
New Orleans, LA 70170
Telephone: (504) 582-8000
Facsimile: (504) 582-8583
bholden@joneswalker.com
bvenn@joneswalker.com

Respectfully submitted,

 /s/ David A. Super
David A. Super (*pro hac vice*)
Jason B. Hutt (*pro hac vice*)
Jeffrey R. Holmstead (*pro hac vice*)
Britt Cass Steckman (*pro hac vice*)
Kevin M. Voelkel (*pro hac vice*)
BRACEWELL LLP
2001 M Street NW, Ste. 900
Washington, DC 20006
Telephone: (202) 828-5800
david.super@bracewell.com
jason.hutt@bracewell.com
jeff.holmstead@bracewell.com
britt.steckman@bracewell.com
kevin.voelkel@bracewell.com

***Counsel for Denka Performance Elastomer LLC***