IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. DENKA PERFORMANCE ELASTOMER, LLC, and DUPONT SPECIALTY PRODUCTS USA, LLC, *Defendants*. | Civ. No. 2:23-cv-735 Judge Barbier (Section: "J" (5)) Magistrate Judge North |

## UNITED STATES' RESPONSE TO DENKA'S MOTION FOR EVIDENTIARY HEARING

The United States of America ("United States") intended to respond to Denka Performance Elastomer, LLC's ("Denka's") motion for an evidentiary hearing (Rec. Doc. 92) ("Denka's Motion") not to oppose it, but to note that an evidentiary hearing need not be scheduled if it would not be helpful to the Court in deciding the United States' preliminary injunction motion (Rec. Doc. 9) (United States' "PI Motion").  *See* Fed. R. Civ. P. 78(b); *see also Beauboeuf v. Delgado College*, 303 F.Supp. 861, 862 (E.D. La. 1969) ("It is clear that 'a preliminary injunction may be granted upon affidavits'").  The United States' intention to raise this point is why the parties did not agree to a joint request about an evidentiary hearing.

However, after reviewing the Fifth Circuit precedent that Denka's Motion cites, the United States agrees that the better course is for the Court to schedule an evidentiary hearing. Accordingly, the United States does not oppose Denka's Motion, and the Court may treat it as a consent motion.

1

Denka is correct that the parties agree that an evidentiary hearing should not commence before November 1, 2023 in order to allow the parties sufficient preparation time, including scheduling the appearances of multiple in-court witness. The parties also agree that it is reasonable to estimate the hearing could last at least five days. The Court, of course, maintains the discretion to define the scope of the issues to be presented at the hearing, including the number of witnesses it wishes to hear live testimony from and the duration of their testimony. As the Fifth Circuit explained in *Sierra Club, Lone Star Chapter v. F.D.I.C.*, 992 F.2d 545, 551 (5th Cir. 1993):

> [A]t the preliminary injunction stage, the procedures in the district court are less formal, and the district court may rely on otherwise inadmissible evidence, including hearsay evidence. Thus, the district court can accept evidence in the form of deposition transcripts and affidavits.

(citing *Federal Savings and Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 558–559 (5th Cir.1987)). Thus, in developing the findings of fact and conclusions of law required by *Sierra Club, Lone Star Chapter* and Fed. R. Civ. P. 52, the Court need not hear live testimony from each of the parties' witnesses. *See Valentine v. Collier*, 956 F.3d 797, 802 n.1 (5th Cir. 2020) ("The district court made much of the fact that [the defendant] did not present 'live testimony' at the preliminary-injunction hearing. It's unclear to us why that matters. It long has been true that parties can present evidence at the preliminary-injunction stage with declarations or affidavits.").[1]

---

[1] The United States will likely not need to call several of the witnesses who submitted declarations in support of its PI Motion. Two witness submitted declarations simply to authenticate sets of air monitoring data. *See* United States' PI Mot., Ex. J (Decl. of Jiayang Chien) (Rec. Doc. 9-12) and Ex. K (Decl. of Richard A. Wayland) (Rec. Doc. 9-13). Denka admitted to the authenticity of one these air monitoring data sets. Denka also did not contest that the United States complied with 42 U.S.C. § 7603's state consultation requirement, which is what James Leathers' declaration documents. *See* United States' PI Mot., Ex. B (Decl. of James Leathers) (Rec. Doc. 9-4); *cf.* Denka's Opposition to Mot. for Prelim. Inj. (Rec. Doc. 73).

The United States still notes that the Court need only set an evidentiary hearing if it rests its decision on a disputed question of *material* fact. *See Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) (finding that the district court did not violate Fed. R. Civ. P. 65(a)(1) by failing to conduct an oral hearing before granting injunction because "the district court did not rely on any disputed facts"); *PCI Transp., Inc. v. Fort Worth & W. R. Co.*, 418 F.3d 535, 546 (5th Cir. 2005) (failure to establish the existence of a factual dispute made a hearing unnecessary). But the United States agrees that there are underlying disputed factual issues, even if there are likely not as many as Denka suggests.

Dated: September 12, 2023.                  Respectfully submitted,

                                             **FOR THE UNITED STATES OF AMERICA**

                                             TODD KIM
                                             Assistant Attorney General
                                             Environment and Natural Resources Division
                                             United States Department of Justice

                                             _s/Steven D. Shermer_ .
<u>Trial Attorney</u>:                 STEVEN D. SHERMER
                                             Senior Attorney
                                             District of Columbia Bar No. 486394
                                             DAVIS H. FORSYTHE
                                             DANIEL S. SMITH
                                             Senior Counsel
                                             HANNAH L. FRAZIER
                                             Trial Attorney
                                             Environmental Enforcement Section
                                             Environment and Natural Resources Division
                                             United States Department of Justice
                                             P.O. Box 7611
                                             Washington, DC 20044-7611
                                             (202) 514-1134
                                             Steven.Shermer@usdoj.gov

OF COUNSEL:

ROBERT PARRISH
Attorney-Advisor
U.S. Environmental Protection Agency
Office of Civil Enforcement, Air Enforcement Division
1200 Pennsylvania Avenue, NW (2242A)
Washington, D.C. 20460

JUSTIN LANNEN
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region 6
1201 Elm Street, Suite 500 (ORCEA)
Dallas, TX 75270

## **CERTIFICATE OF SERVICE**

     I hereby certify that on September 12, 2023, a true and correct copy of the United States' Response to Denka's Motion for an Evidentiary Hearing was filed with the Clerk of the U.S. District Court for the Eastern District of Louisiana using the Court's CM/ECF system. Notice of this Electronic Filing will be sent to all parties by operation of the Court's Electronic Filing System.

                                                        s/Steven D. Shermer
                                                        STEVEN D. SHERMER