**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | **CIVIL ACTION NO. 2:23-cv-735** |
| ) | |
| **v.** ) | **SECTION J(5)** |
| ) | |
| **DENKA PERFORMANCE ELASTOMER** ) | **JUDGE BARBIER** |
| **LLC and DUPONT SPECIALTY** ) | |
| **PRODUCTS USA, LLC,** ) | **MAGISTRATE JUDGE NORTH** |
| ) | |
| **Defendants.** ) | |
| ) | |

## JOINT PROPOSED SCHEDULING ORDER

In accordance with the Court's Minute Order of September 27, 2023 (R. Doc. 99), the parties the United States of America and Denka Performance Elastomer LLC ("DPE") (collectively "the parties") jointly submit the following proposed scheduling order for the Court's consideration.[1]

The parties have made good progress in negotiating this proposed scheduling order and have reached agreement on most points.[2]  However, there are three points on which the parties could not reach agreement, which are noted on pages 2, 4 and 6 below with a note to the Court in italics.  The parties respectfully request that the Court resolve these points and include what it

---

[1] Counsel for DuPont Specialty Products USA, LLC ("DuPont") participated in the meet and confer process with counsel for the United States and DPE.  DuPont does not oppose this proposed scheduling order.  DuPont shall be bound by the deadline dates set forth herein.

[2] In accordance with the Court's posted example Pre-Trial Notice, the parties have included the pre-trial deadlines set forth herein with the goal of securing a just and speedy determination of the issues.  The parties agree and respectfully submit that certain standard deadlines omitted from this Joint Proposed Scheduling Order, *e.g.,* a Pre-Trial Order, are unnecessary under the circumstances of this action.

determines to be appropriate requirements in this proposed scheduling order.  If it would assist the Court, the parties will make themselves available for a status conference at the Court's earliest convenience to address these three issues or any other issues with respect to this proposed scheduling order.  For the Court's convenience, the parties are also providing an agreed-upon chronological table of the following pre- and post-trial dates.  *See* Attachment C.

1.      <u>Amended Pleadings</u>:  DPE shall file any amendment to Counterclaim No. 5 and Affirmative Defense No. 6 on or before October 25, 2023.  The parties agree that the status of any such amended pleading shall not delay the trial on the merits and the parties shall not argue otherwise.

2.      <u>Initial Disclosures</u>:  In light of the expedited discovery undertaken by the parties to date and the expedited trial schedule set forth herein, in lieu of typical disclosures under Federal Rule of Civil Procedure Rule 26(a)(1), on October 18, 2023, each party shall provide a list of witnesses it may or will call at trial to facilitate trial planning.  This list may be supplemented only (i) to the extent allowed by Paragraph 4 below for additional expert witnesses (ii) or for good cause shown.  In addition, on October 18, 2023, the United States will provide a detailed statement of the relief it is seeking at the trial on the merits, including whether the Proposed Order (R. Doc. 9-3), in whole or in part, is requested as a form of relief.

[***NOTE TO JUDGE BARBIER****: The parties have a dispute about the scope of the disclosures to be made by the United States regarding the United States' request for permanent injunctive relief in this action.  DPE's position on this issue is set forth in Attachment A.  The United States' position is set forth in Attachment B.]*

3.      <u>Discovery</u>:  The parties may engage in the following discovery between October 18, 2023, and January 16, 2024:

- The parties may serve six additional interrogatories, six additional requests for admission, three document requests, and may issue Rule 45 subpoenas.  In addition, DPE reserves the right to submit targeted, limited written discovery requests regarding the United States' requested final relief.

- DPE may take the depositions of (i) Dr. Nyesha Black and Dr. Dustin Kapraun and the scope of their depositions will be limited to the scope of their expert declarations submitted in this action; (ii) Dr. Michael Morton, James Leathers, Nicholas Bobbs, and Dr. Kris Thayer without limitation on scope except those imposed by the Federal Rules of Civil Procedure and the parties' Order and Stipulation Regarding Discovery Procedure (R. Doc. 65); and (iii) any other witness listed in the United States' disclosures (pursuant to Paragraph 2) who has not previously been deposed.

- The United States may take the deposition of (i) Paul Casarez and Eric Farstad and the scope of their depositions will be limited to the scope of their expert declarations submitted in this action; (ii) Chris Meyers and Jorge Lavastida without limitation on scope except those imposed by the Federal Rules of Civil Procedure and the parties' Order and Stipulation Regarding Discovery Procedure (R. Doc. 65) ; and (iii) other witness listed in DPE's Rule 26(a)(1) disclosures (pursuant to Paragraph 2) who has not previously been deposed.

- The parties agree that, if DPE witnesses Messrs. Casarez, Farstad, Meyers, or Lavastida provide supplemental declarations in response to the United States' request for permanent relief (*see* Paragraph 4 below), the deadline for the United States to depose these witnesses shall be extended to February 16, 2024 (*i.e.,* one month after the close of general discovery).  If these witnesses will not be providing such supplemental declarations, their depositions will be subject to the general discovery cut-off of January 16, 2024.  On November

30, 2023, DPE will provide notice to the United States of whether Messrs. Casarez, Farstad, Meyers and/or Lavastida will be submitting a supplemental declaration on January 9, 2024.

- The parties agree that depositions will be limited to one day of seven hours. The parties will meet and confer on location.

- The parties agree that depositions of any new experts and of witnesses who are providing supplemental declarations to previously submitted declarations (*see* Paragraph 4) may be scheduled after the January 16, 2024 cut-off for discovery, but no later than March 1, 2024.

4.    <u>Expert Witnesses</u>:  The parties shall provide any new expert disclosures and any supplemental declarations to previously submitted declarations on January 9, 2024, in accordance with the following:

- The parties agree that, in lieu of providing reports under Federal Rule of Civil Procedure 26(a)(2)(B), the parties will rely on the declarations previously submitted by their respective expert witnesses. For consistency, the parties will also provide declarations, instead of Rule 26(a)(2)(B) reports, for any new experts or for any supplemental declarations for previously submitted declarations, but, as with the prior declarations, the declarations will include the information required by Rule 26(a)(2)(B).

- Any new expert disclosures and any supplemental declarations to previously submitted declarations will be limited to opinions regarding the United States' requested final relief.  *[**NOTE TO JUDGE BARBIER**: The parties have a dispute about whether DPE may submit rebuttal declarations in response to the United States' rebuttal expert, Dr. Dustin Kapraun*

*(see R. Doc. 94-8).  DPE's position on this issue is set forth in Attachment A.  The United States' position is set forth in Attachment B.]*

- The parties shall provide any rebuttals to any new or supplemental declarations by February 13, 2024.

5.    <u>Daubert Motions</u>:  On January 24, 2024, the parties shall file any *Daubert* motions for previously submitted declarations (*i.e.*, disclosed before January 9, 2024).  On February 15, 2024, the parties shall file any *Daubert* motions for new expert witnesses.  In the event a party elects to file a *Daubert* motion concerning a rebuttal expert disclosed on February 13, 2024, the parties agree that such motion may be filed as soon as practicable after the February 15 deadline for *Daubert* motions and that the parties will in good faith attempt to agree on an expedited briefing schedule so that the motion is fully briefed for the Court before trial.  The parties shall file responses to any *Daubert* motions by February 29, 2024, and reply briefs by March 7, 2024.

5.    <u>Motions for Summary Judgment</u>:  The parties shall submit any motions for summary judgment by January 24, 2024.  The parties shall file responses to any motions for summary judgment by February 29, 2024, and reply briefs by March 7, 2024.

6.    <u>Pretrial Submissions</u>:  The parties shall file:

- pre-trial disclosures under Federal Rule of Civil Procedure 26(a)(3) by February 16, 2024, and any objections to Rule 26(a)(3) pre-trial disclosures by February 26, 2024.

- any motions in limine by February 29, 2024, and any responses to such motions by March 7, 2024.

- proposed findings of fact and conclusions of law by March 7, 2024.

The Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown.

7.      <u>Final Pretrial Conference</u>:  The final pretrial conference shall be held on February 28, 2024, at _____ am.

8.      <u>Trial</u>:  Trial will commence on Monday, March 11, 2024, at 8:00 am before the District Judge without a jury.  Attorneys are instructed to report for trial not later than 30 minutes prior to this time.  The trial is estimated to last ten days.

Not less than five working days before trial at noon, the parties shall exchange final "will call" witness lists so that arrangements may be made for their presence at trial.  So that the parties may appropriately plan for each trial day, not less than two calendar days before each trial day, the parties should, in good faith, discuss which witnesses are expected to be called on that trial day and the estimated timing of direct and cross-examination of each of those witness.

9.      <u>Post-Trial Briefing</u>:  On April 22, 2024, the parties shall submit post-trial briefs up to ___ pages in length, excluding exhibits.  *[**NOTE TO JUDGE BARBIER**: The parties have a dispute about the appropriate length of post-hearing briefs.  DPE's position on this issue is set forth in Attachment A.  The United States' position is set forth in Attachment B.]*

Deadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon timely motion filed in compliance with Local Rules and upon a showing of good cause. Continuances will not normally be granted. If, however, a continuance is granted, deadlines and cut off dates will be automatically extended, unless otherwise ordered by the court.

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA

October 11, 2023            */s/ Steven D. Shermer*
Dated

Steven D. Shermer (TA)
Senior Attorney
District of Columbia Bar No. 486394
Davis H. Forsythe
Daniel S. Smith
Senior Counsel
Hannah L. Frazier
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC  20044-7611
(202) 514-1134
Steven.Shermer@usdoj.gov

OF COUNSEL:
Robert Parrish
Attorney-Advisor
U.S. Environmental Protection Agency
Office of Civil Enforcement, Air Enforcement Division
1200 Pennsylvania Avenue, NW (2242A)
Washington, D.C. 20460

Justin Lannen
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region 6
1201 Elm Street, Suite 500 (ORCEA)
Dallas, TX 75270

FOR DENKA PERFORMANCE ELASTOMER, LLC

October 11, 2023            */s/ David A. Super*
Dated

David A. Super (pro hac vice) (TA)
Jason B. Hutt (pro hac vice)
Jeffrey R. Holmstead (pro hac vice)
JONES WALKER LLP          Britt Cass Steckman (*pro hac vice*)
Kevin M. Voelkel (*pro hac vice*)
James C. Percy (La. Bar No. 10413)    BRACEWELL LLP
445 N. Boulevard, Suite 800        2001 M Street NW, Ste. 900

Baton Rouge, LA 70802
Telephone: (225) 248-2130
Facsimile: (225) 248-3130
jpercy@joneswalker.com

Robert E. Holden (La. Bar No. 06935)
Brett S. Venn (La. Bar No. 32954)
201 St. Charles Ave., Suite 5100
New Orleans, LA 70170
Telephone: (504) 582-8000
Facsimile: (504) 582-8583
bholden@joneswalker.com
bvenn@joneswalker.com

Washington, DC 20006
Telephone:  (202) 828-5800
david.super@bracewell.com
jason.hutt@bracewell.com
jeff.holmstead@bracewell.com
britt.steckman@bracewell.com
kevin.voelkel@bracewell.com

***Counsel for Denka Performance Elastomer LLC***

FOR DUPONT SPECIALTY PRODUCTS USA, LLC

October 11, 2023
Dated

*/s/ Eric E. Jarrell*

Eric E. Jarrell (#16982) (TA)
Robert J. Burvant (#14119)
Krystin Frazier-Santiago (#33838)
Marie O. Luis (#38332)
King & Jurgens, Llc
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Telefax: (504) 582-1233
ejarrell@kingjurgens.com
rburvant@kingjurgens.com
kfraziersantiago@kingjurgens.com
mluis@kingjurgens.com