UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | CIVIL ACTION |
| VERSUS | |
| | NO. 23-735 |
| DENKA PERFORMANCE ELASTOMER, LLC and DUPONT SPECIALTY PRODUCTS USA, LLC | SECTION: "J"(5) |

## ORDER

Considering the *Joint Proposed Scheduling Order* **(Rec. Doc. 100)**,

**IT IS HEREBY ORDERED** that the Court adopts the proposed schedule with alterations as follows:

1. Amended Pleadings: DPE shall file any amendment to Counterclaim No. 5 and Affirmative Defense No. 6 on or before October 25, 2023. The parties agree that the status of any such amended pleading shall not delay the trial on the merits and the parties shall not argue otherwise.

2. Initial Disclosures: In light of the expedited discovery undertaken by the parties to date and the expedited trial schedule set forth herein, in lieu of typical disclosures under Federal Rule of Civil Procedure Rule 26(a)(1), on October 18, 2023, each party shall provide a list of witnesses it may or will call at trial to facilitate trial planning. This list may be supplemented only (i) to the extent allowed by Paragraph 4 below for additional expert witnesses (ii) or for good cause shown. In addition, on October 18, 2023, the United States will provide a detailed

statement of the relief it is seeking at the trial on the merits, including whether the Proposed Order (R. Doc. 9-3), in whole or in part, is requested as a form of relief.

3. <u>Discovery:</u> The parties may engage in the following discovery between October 18, 2023, and December 15, 2023:

- The parties may serve six additional interrogatories, six additional requests for admission, three document requests, and may issue Rule 45 subpoenas. In addition, DPE reserves the right to submit targeted, limited written discovery requests regarding the United States' requested final relief.
- DPE may take the depositions of (i) Dr. Nyesha Black and Dr. Dustin Kapraun and the scope of their depositions will be limited to the scope of their expert declarations submitted in this action; (ii) Dr. Michael Morton, James Leathers, Nicholas Bobbs, and Dr. Kris Thayer without limitation on scope except those imposed by the Federal Rules of Civil Procedure and the parties' Order and Stipulation Regarding Discovery Procedure (R. Doc. 65); and (iii) any other witness listed in the United States' disclosures (pursuant to Paragraph 2) who has not previously been deposed.
- The United States may take the deposition of (i) Paul Casarez and Eric Farstad and the scope of their depositions will be limited to the scope of their expert declarations submitted in this action; (ii) Chris Meyers and Jorge Lavastida without limitation on scope except those imposed by the Federal Rules of Civil Procedure and the parties' Order and Stipulation Regarding Discovery Procedure (R. Doc. 65) ; and (iii) other witness listed in DPE's Rule

26(a)(1) disclosures (pursuant to Paragraph 2) who has not previously been deposed.

- The parties agree that, if DPE witnesses Messrs. Casarez, Farstad, Meyers, or Lavastida provide supplemental declarations in response to the United States' request for permanent relief (see Paragraph 4 below), the deadline for the United States to depose these witnesses shall be extended to January 15, 2024 (i.e., one month after the close of general discovery). If these witnesses will not be providing such supplemental declarations, their depositions will be subject to the general discovery cut-off of December 15, 2023. On November 30, 2023, DPE will provide notice to the United States of whether Messrs. Casarez, Farstad, Meyers and/or Lavastida will be submitting a supplemental declaration on December 8, 2023.

- The parties agree that depositions will be limited to one day of seven hours. The parties will meet and confer on location.

- The parties agree that depositions of any new experts and of witnesses who are providing supplemental declarations to previously submitted declarations (see Paragraph 4) may be scheduled after the December 15, 2023 cut-off for discovery, but no later than February 4, 2024.

4. <u>Expert Witnesses:</u> The parties shall provide any new expert disclosures and any supplemental declarations to previously submitted declarations on December 8, 2024, in accordance with the following:

- The parties agree that, in lieu of providing reports under Federal Rule of Civil Procedure 26(a)(2)(B), the parties will rely on the declarations previously submitted by their respective expert witnesses. For consistency, the parties will also provide declarations, instead of Rule 26(a)(2)(B) reports, for any new experts or for any supplemental declarations for previously submitted declarations, but, as with the prior declarations, the declarations will include the information required by Rule 26(a)(2)(B).

- Any new expert disclosures and any supplemental declarations to previously submitted declarations will be limited to opinions regarding the United States' requested final relief.

- The parties shall provide any rebuttals to any new or supplemental declarations by January 12, 2024.

- The Parties are not permitted to submit rebuttal declarations in response to rebuttal experts.

5. <u>Daubert Motions:</u> On December 29, 2023, the parties shall file any Daubert motions for previously submitted declarations (i.e., disclosed before December 8, 2024). On January 15, 2024, the parties shall file any Daubert motions for new expert witnesses. In the event a party elects to file a Daubert motion concerning a rebuttal expert disclosed on January 12, 2024, the parties agree that such motion may be filed as soon as practicable after the January 15 deadline for Daubert motions and that the parties will in good faith attempt to agree on an expedited briefing schedule so that the motion is fully briefed for the Court before trial. The

parties shall file responses to any Daubert motions by January 24, 2024, and reply briefs by January 31, 2024.

    5. <u>Motions for Summary Judgment:</u> The parties shall submit any motions for summary judgment by December 29, 2024. The parties shall file responses to any motions for summary judgment by January 24, 2024, and reply briefs by January 31, 2024.

    6. <u>Pretrial Submissions:</u> The parties shall file:

- pre-trial disclosures under Federal Rule of Civil Procedure 26(a)(3) by January 15, 2024, and any objections to Rule 26(a)(3) pre-trial disclosures by January 22, 2024.
- any motions in limine by January 24, 2024, and any responses to such motions by January 31, 2024.
- proposed findings of fact and conclusions of law by January 31, 2024.

The Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown.

    7. <u>Final Pretrial Conference:</u> The final pretrial conference shall be held on February 29, 2024, at 2:00 p.m.

8. <u>Trial:</u> Trial will commence on Monday, March 11, 2024, at 8:00 am before the District Judge without a jury. Attorneys are instructed to report for trial not later than 30 minutes prior to this time. The trial is estimated to last ten days.

Not less than five working days before trial at noon, the parties shall exchange final "will call" witness lists so that arrangements may be made for their presence at trial. So that the parties may appropriately plan for each trial day, not less than two calendar days before each trial day, the parties should, in good faith, discuss which witnesses are expected to be called on that trial day and the estimated timing of direct and cross-examination of each of those witness.

9. <u>Post-Trial Briefing:</u> The Court will inform the parties after trial if post-trial briefing is necessary.

Deadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon timely motion filed in compliance with Local Rules and upon a showing of good cause. Continuances will not normally be granted. If, however, a continuance is granted, deadlines and cut off dates will be automatically extended, unless otherwise ordered by the court.

**IT IS FURTHER ORDERED** that the referral to Magistrate Judge North in this Court's October 17th Order (Rec. Doc. 101) is **SATISFIED**.

New Orleans, Louisiana, this 20th day of October, 2023.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE