# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br><br>v.<br><br>DENKA PERFORMANCE ELASTOMER, LLC, and DUPONT SPECIALTY PRODUCTS USA, LLC,<br><br>    *Defendants*. | Civ. No. 2:23-cv-735<br><br>Judge Barbier (Section: "J" (5))<br><br>Magistrate Judge North |

## UNITED STATES' MEMORANDUM IN SUPPORT OF
## MOTION TO CONTINUE TRIAL

In the interest of judicial economy (including, ultimately, a swifter path to resolution), the United States asks that the trial of this matter be reset for the earliest possible two-week period on the Court's schedule that provides the parties with sufficient time to consider the requirements of the soon-to-be-finalized New Source Performance Standards for the Synthetic Organic Chemical Manufacturing Industry and National Emission Standards for Hazardous Air Pollutants for the Synthetic Organic Chemical Manufacturing Industry and Group I & II Polymers and Resins Industry ("Final Rule") prior to trial.[1] After the Final Rule is publicly available, the parties will be able to present arguments about the Final Rule's actual requirements, which may differ from the Proposed Rule. The Court will then have a concrete record on which to make its determinations, including whether Denka Performance Elastomer, LLC's ("Denka's") summary judgment arguments remain relevant.[2] If the Final Rule meaningfully differs from the Proposed

---

[1] The "Proposed Rule" was published at 88 Fed. Reg. 25,080 (April 25, 2023).

[2] The Court set oral argument for several pending motions, including Denka's summary judgment motion, for February 22, 2024. *See* Order (ECF No. 161).

Rule, it is all but certain that the Court will face requests for, at a minimum, additional briefing to address those differences. Judicial economy will therefore be served if the Court is able to decide issues raised by the parties' pre-trial briefing and at trial in light of the Final Rule's provisions, rather than considering proposed requirements that may be moot.

The parties' preliminary injunction briefing and more recent summary judgment briefing spend a substantial amount of time discussing whether the Proposed Rule affects this case. Indeed, Denka has made the Proposed Rule a focus of its summary judgment motion and proposed findings of fact and conclusions of law, referencing it dozens of times in both filings. *See, e.g.*, Denka's Mem. In Supp. of Mot. for Summ. J. ("Denka's Mot. for Summ. J.") at 2–3, 5–9, 11–16, and 18 (ECF No. 131-2) and Denka's Proposed Findings of Fact and Conclusions of Law at 12–16, 79, 95–96, 102–104, 181–185, 187, 189, 191, 194–196, and 205 (ECF No. 156). Furthermore, in its summary judgment motion, Denka questioned why the Court should "bother" holding a trial "only days before the final rule is issued." *See* Denka's Mot. for Summ. J. at 2 (ECF No. 131-2). Now, in its summary judgment reply brief, Denka claims it is ready to go to trial, while trying to smoke out the contents of the Final Rule. *See* Reply in Supp. of Denka's Mot. for Summ. J. at 10 (ECF No. 157). Having built a case around a non-final agency proposal, Denka understands this strategy is on precarious footing.

The United States has contested the Proposed Rule's relevance to this imminent and substantial endangerment action and believes that the factual issues in this case require a trial. And part of the reason why this case is set for trial is because the United States and Denka have firmly opposing views about the significance – indeed, the relevance – of the Proposed Rule. Now, EPA has sent a draft Final Rule to the White House Office of Management and Budget (OMB), where it will undergo interagency review. *See*, OMB, Office of Information and

Regulatory Affairs, Reginfo.gov (Jan. 25, 2024, 4:17 PM),

https://www.reginfo.gov/public/Forward?SearchTarget=RegReview&textfield=2060-AV71;

Executive Order 12,866 § 6 (Oct. 4, 1993); *see also* United States' Opp. to Denka Performance Elastomer LLC's Mot. For Summ. J, Ex. A n.2 (ECF No. 150).

  The United States is not in a position to assert whether anything has changed, or will change, from the Proposed Rule to the Final Rule. Rules often change in response to comments on the proposal; in this instance, EPA received thousands of public comments, including on the issue of compliance timelines – an issue which Denka's summary judgment motion focuses on. *See* https://www.regulations.gov/docket/EPA-HQ-OAR-2022-0730. Likewise, rules undergoing interagency review under Executive Order 12,866 are subject to change, and frequently do change as a result of this review. The Executive Branch's deliberations with respect to the Final Rule are ongoing and will be ongoing until the OMB's review concludes and the Final Rule is posted. The deliberative process privilege, which is a component of Executive privilege, protects the "'decision making processes of government agencies.'" *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975) (citations omitted). The privilege allows the United States to withhold documents and information "that would reveal advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997) (quotation omitted). The privilege protects not merely documents, but also the integrity of the deliberative process itself. *See Schell v. Dep't of Health & Human Servs.*, 843 F.2d 933, 939-40 (6th Cir. 1988). Since the draft Final Rule is now in the interagency review process, the United States is still deliberating about its contents, and the EPA may revise the draft until it publishes the Final Rule. Because

that process remains ongoing and the contents of the Final Rule have not been finalized, information about its contents is protected by the deliberative process privilege.

Regardless of whose view may ultimately prevail about the relevance of the Proposed Rule's requirements, the issues are best decided after the Final Rule is published, its terms are settled, and they are known to the parties and the Court. Because it now appears probable that the Final Rule will be signed within roughly two weeks of the current trial date, the United States concludes that requesting a short continuance is appropriate so that the Final Rule's contents are available to the parties and the Court.

Consistent with our claim that conditions at Denka's Neoprene manufacturing facility pose an imminent and substantial endangerment, the United States has sought a swift resolution to this matter, moving for a preliminary injunction and resisting Denka's proposed scheduling delays.[3] Nevertheless, good cause exists to grant this continuance given the now-aligned timing of the rulemaking and the currently scheduled trial. The United States expects that the Final Rule will be signed by the EPA's Administrator on or before March 29, 2024, as required by consent decree, and will be made publicly available shortly thereafter. *See Envt'l Integrity Project et al. v. Michael Regan*, Case 1:20-cv-03119; *Concerned Citizens of St. John et al. v. Michael Regan*, Case 1:21-cv-03063, Joint Consent Decree Regarding Group I Polymers and Resins Claims (Aug. 24, 2022). Before the EPA submitted the proposed Final Rule for

---

[3] Denka has again wrongly claimed that the United States' motion is a concession that Denka's chloroprene emissions do not present an imminent and substantial endangerment to public health. *Cf.* ECF No. 164 at 2 (noting the "blistering pace" at which the United States has pursued the litigation for this endangerment claim). The fact that the United States is requesting a short continuance so that the Court has a complete record upon which to decide the relevant issues, as well as so that Denka cannot claim unfair surprise once the Final Rule is published, is a matter of basic fairness and judicial efficiency that has no bearing on the merits of the United States' allegations about the public health risks that Denka's chloroprene emissions present.

4

interagency review under Executive Order 12,866, the specific timing of the Final Rule's publication remained unclear. *Texas Envt'l Justice Advocacy Servs. et al. v. Regan*, Civ. No. 1:20-cv-03733, Consent Decree (Feb. 24, 2022), at 5 (p. 6). Now that the EPA has transmitted the Final Rule to the OMB, there is more certainty that the Final Rule will be signed on or before March 29, 2024, providing good reason to continue the trial until after the Final Rule is signed and published.

The parties have completed the discovery deadlines set by the Court in its October 23, 2023 Scheduling Order, and are diligently preparing for trial.

No previous continuances of the trial have been sought. This motion is made in good faith and not for purposes of undue delay.

**WHEREFORE**, the United States respectfully requests that this motion be granted and the March 11 trial date be reset for the earliest possible two-week period on the Court's schedule that provides the parties with sufficient time to prepare for trial after the Final Rule is published.

Respectfully submitted,

**FOR THE UNITED STATES OF AMERICA**

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

Trial Attorney:

    s/ Steven D. Shermer
STEVEN D. SHERMER
Senior Attorney
District of Columbia Bar No. 486394
DAVIS H. FORSYTHE
DANIEL S. SMITH
Senior Counsel
HANNAH L. FRAZIER
Trial Attorney

5

        Environmental Enforcement Section
        Environment and Natural Resources Division
        United States Department of Justice
        P.O. Box 7611
        Washington, DC 20044-7611
        (202) 514-1134
        Steven.Shermer@usdoj.gov

OF COUNSEL:

ROBERT PARRISH
Attorney-Advisor
U.S. Environmental Protection Agency
Office of Civil Enforcement, Air Enforcement Division
1200 Pennsylvania Avenue, NW (2242A)
Washington, D.C. 20460
JUSTIN LANNEN
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region 6
1201 Elm Street, Suite 500 (ORCEA)
Dallas, TX 75270