*United States v. Denka Performance Elastomer, LLC et al. (2:23-cv-735)*

*United States' Motion to Reopen Case and Set Status Hearing*

# Exhibit A

```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA

************************************************************
UNITED STATES OF AMERICA,

         Plaintiff,

                         Civil Action No. 23-735
VS.                      Section "J"(3)
                         New Orleans, Louisiana
                         July 18, 2024

DENKA PERFORMANCE ELASTOMER, LLC
AND DUPONT SPECIALTY PRODUCTS USA, LLC,

         Defendants.
************************************************************

               TRANSCRIPT OF STATUS CONFERENCE
         HEARD BEFORE THE HONORABLE CARL J. BARBIER
                UNITED STATES DISTRICT JUDGE


APPEARANCES:

FOR THE GOVERNMENT:          Steven David Shermer
                             U.S. Department of Justice
                             Environmental
                             601 D Street NW
                             Washington, DC 20004

                             Heather E. Gange
                             U.S. Department of Justice
                             P.O. Box 23926
                             Washington, DC 20026

                             Davis Hoskins Forsythe
                             DOJ-Enrd
                             150 M Street NE
                             Room 2.1130
                             Washington, DC 20002

                             Hannah Lee Frazier
                             DOJ-Enrd
                             Enrd-Ees
                             150 M Street NE
                             Washington, DC 20002
```

APPEARANCES CONTINUED

FOR THE GOVERNMENT:        Daniel Stephen Smith
                           DOJ-Enrd
                           Environmental Enforcement
                           Section
                           P.O. Box 7611
                           Ben Frankling Station
                           Washington, DC 20044

                           Jonah M Seligman
                           DOJ-Enrd
                           Environment and Natural
                           Resources Division
                           150 M St. NE
                           Rm 5.130
                           Washington, DC 20002

FOR DENKA PERFORMANCE ELASTOMER, LLC:

                           David A. Super
                           Jason B. Hutt
                           Jeffrey Holmstead
                           Kevin Voelkel
                           Bracewell LLP
                           2001 M Street, NW
                           Suite 900
                           Washington D.C., DC 20036

                           Robert E. Holden
                           Jones Walker
                           Place St. Charles
                           201 St. Charles Avenue
                           Suite 5100
                           New Orleans, LA 70170

FOR DUPONT SPECIALTY PRODUCTS USA, LLC:

    Eric Earl Jarrell
    King & Jurgens, LLC
    201 St. Charles Avenue
    Suite 4500
    New Orleans, LA 70170

    Marie Olga Luis
    King & Jurgens, LLC
    201 St. Charles Ave
    45th Floor
    New Orleans, LA 70170

Official Court Reporter:   Nichelle N. Wheeler, RMR, CRR
    500 Poydras Street, B-275
    New Orleans, Louisiana 70130
    (504) 589-7775

   Proceedings recorded by mechanical stenography, transcript produced via computer.

1  will be substantial harms during this abeyance period
 2  isn't really accurate.  I mean, they assess their whole
 3  risk profile based on a 70-year lifetime, so a four-month
 4  abeyance period is something like 0.005 percent of that
 5  70-year lifetime.  So it's an infinitesimal increase in
 6  risk if the Court were to grant an abeyance.  And, again,
 7  it's less than the delay that was caused by the United
 8  States canceling the trial last March.
 9          THE COURT:  While you're up, tell me about this:
10  One of the issues that was raised in the status report to
11  the court, it says that Denka suggests or argues that it
12  would like to conduct additional discovery.
13          I'm not clear on what additional -- assuming if or
14  when this litigation goes forward, what would be the need
15  for that and the scope of that discovery?
16          MR. SUPER:  I'm glad you asked that because it is
17  very targeted and limited discovery that goes directly to
18  the rule and it relates to issues we've already discussed
19  today, you know.  One is, again, the fact that once all
20  of the projects that are required by the rule are
21  implemented, the EPA admits that you're left with a 0.8
22  micrograms per cubic meter concentration which is
23  entirely consistent with the emergency they're alleging
24  in this case, that 0.2.
25          And there are -- there's modeling.  It's called

```
 1  we get the summary judgment motion in front of you.
 2          THE COURT:  And just to be clear, finally, Denka
 3  really doesn't want to ever comply with this rule, right?
 4          MR. SUPER:  Denka cannot comply with the rule.
 5          THE COURT:  So it's not just a matter of 90 days
 6  or two years.
 7          MR. SUPER:  I know -- I can represent to the Court
 8  that 90 days is impossible.  It's not going to work.  I
 9  can't really say that with respect to July 2026.  It
10  gives the company hope that it can continue.  I'm not
11  sure how that will play out.
12          THE COURT:  And why couldn't it comply in two
13  years?
14          MR. SUPER:  Why couldn't it comply --
15          THE COURT:  Why could it not comply if given the
16  two years?
17          MR. SUPER:  Well, I think that's an analysis
18  that's beyond my ability to discuss at this point.  It
19  involves a lot of engineering issues.  But I think it's
20  on the table.
21          I'm not standing here saying to you the plant
22  would shut down after two years.  I just don't know the
23  ends and outs of how the rule would be complied with.
24  What I do know right now is they cannot possibly do it by
25  October 15th.
```

```
1                    REPORTER'S CERTIFICATE

2          I, Nichelle N. Wheeler, RMR, CRR, Official
   Court Reporter, United States District Court, Eastern
3  District of Louisiana, do hereby certify that the
   foregoing is a true and correct transcript, to the best
4  of my ability and understanding, from the record of the
   proceedings in the above-entitled and numbered matter.
5

6                            /s/ Nichelle N. Wheeler
                             Official Court Reporter
7
```