*United States v. Denka Performance Elastomer, LLC et al. (2:23-cv-735)*

*United States' Motion to Reopen Case and Set Status Hearing*

# Exhibit C

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. 2:23-cv-735 |
| ) | |
| v. ) | SECTION J |
| ) | |
| DENKA PERFORMANCE ELASTOMER ) | JUDGE BARBIER |
| LLC and DUPONT SPECIALTY ) | |
| PRODUCTS USA, LLC, ) | MAGISTRATE JUDGE NORTH |
| ) | |
| Defendants. ) | |
| ) | |

## DENKA PERFORMANCE ELASTOMER LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

**TO:** United States of America
Through Their Counsel of Record

Defendant, Denka Performance Elastomer LLC ("DPE"), through its undersigned counsel and pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, propounds the following Requests for Production ("Discovery Requests") on the Plaintiff, United States of America. DPE requests that Plaintiff answer separately, fully, and in writing, and provide documents responsive to these Discovery Requests within the time allowed by the Court's Order granting Expedited Discovery and the Federal Rules of Civil Procedure.

## INSTRUCTIONS

1. These Discovery Requests cover, without limitation, all answers, information, and documents known or available to you, including information in the possession of your attorneys and all persons acting or purporting to act on your behalf and not merely such information known of your own personal knowledge.

17. **"The 2010 Toxicological Review of Chloroprene"** refers to the review issued in September 2010 and found at https://cfpub.epa.gov/ncea/iris/iris_documents/documents/toxreviews/1021tr.pdf.

18. **"This Action**," **"Lawsuit**," or **"Litigation"** refers to the above-entitled proceeding.

19. **"You**," **"your**," **"yours,"** or **"Plaintiff"** shall refer to the United States acting on behalf of the United States Environmental Protection Agency ("EPA") and EPA Administrator Michael S. Regan.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Please produce all documents related to the *Petition for Emergency Action*, dated May 6, 2021, filed with EPA by Concerned Citizens of St. John.

### REQUEST FOR PRODUCTION NO. 2:

Please produce all documents related to EPA Region 6's nomination of chloroprene for review under the Integrated Risk Information System, dated April 9, 2021, including all documents relating to how EPA assessed that nomination and all documents relating to the outcome of that nomination.

### REQUEST FOR PRODUCTION NO. 3:

Please produce all documents constituting or referring to communications between EPA and LDEQ, the LDH, Concerned Citizens of St. John, Earthjustice, Lawyers' Committee for Civil Rights Under Law, or Sierra Club regarding chloroprene emissions from the Facility between July 1, 2020, and the date the PI Motion was filed (March 20, 2023).

**REQUEST FOR PRODUCTION NO. 4:**

Please produce all documents addressing the Ramboll 2021 PBPK model's lack of "sufficient[] develop[ment] for use in estimating chloroprene risks." *See* R. Doc. 9-8, ¶ 56.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce all documents related to the 2010 Toxicological Review of Chloroprene and EPA's consideration and denials of the 2021 Request for Correction and 2022 Request for Reconsideration.

Please prioritize the production of the Comment Report, Follow-up External Peer Review of a Report on Physiologically Based Pharmacokinetic (PBPK) Modeling for Chloroprene and a Supplemental Analysis of Metabolite Clearance, prepared by Versar, Inc., dated December 6, 2021, including related to the composition of and participants on the peer review panel, the development of the charge questions, draft reports, and EPA review of the peer review comments.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce all documents addressing the alleged mutagenic carcinogen component of chloroprene, including documents addressing the determination of a mutagenic mode of action and the susceptibility of cancer causing effects in different age groups and species due to chloroprene. *See, e.g.,* PI Motion at 5 ("Chloroprene creates this [cancer] risk because of its mutagenic mode of action.").

**REQUEST FOR PRODUCTION NO. 7:**

Please produce all documents relating to the allegations that "[b]reathing higher average concentrations [of chloroprene] causes the associated risks [of cancer] to accumulate faster" (*see*

PI Motion at 2), including but not limited to all documents and communications relating to any and all calculations of lifetime cancer risks.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce all documents relating to population demographics and census data that you or your experts have relied upon in the PI Motion.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce all documents that you or your experts relied upon to determine that "[n]o post-2010 science undermines the 2010 IRIS Assessment's conclusions." *See* PI Motion at 8.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce all documents relating to EPA's claim that the proposed preliminary injunctive relief is "technically feasible, reasonable, and tailored to addressing the imminent and substantial endangerment caused by the Facility's emissions." PI Motion at 12.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce all documents relating to incidences of cancer within the area 2.5 miles from the Facility resulting from chloroprene exposure.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce all documents related to coordinating, comparing, or evaluating potential actions in relation to Section 303 of the Clean Air Act with regulatory proceedings under Section 112 of the Clean Air Act, or any other regulatory frameworks where "EPA follows a policy that sets a presumptive 1-in-10,000 upper threshold for acceptable excess lifetime cancer risk" (PI Motion at 8),including with respect to the proposal for Group I Polymers and Resins category and the Synthetic Organic Chemical Manufacturing Industry category (88 Fed. Reg. 25080).

**REQUEST FOR PRODUCTION NO. 13:**

Please produce all documents reflecting air emission and/or exposure modeling performed in relation to the Facility, including any air dispersion modeling and iterations of a Human Exposure Model or HEM prepared by or for you.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce all documents identified or relied upon in responding to DPE's Interrogatories served concurrently with these document requests.

**REQUEST FOR PRODUCTION NO. 15:**

For any of DPE's requests for admission that you denied, please produce all documents that support, relate to, or that you relied upon, in making your denial.

Dated: April 27, 2023

Respectfully,

*/s/ Robert E. Holden*

| | |
|---|---|
| David A. Super (*pro hac* granted) | Robert E. Holden |
| Jason B. Hutt (*pro hac* granted) | James C. Percy |
| Jeffrey R. Holmstead (*pro hac* granted) | Brett S. Venn |
| Kevin M. Voelkel (*pro hac* granted) | JONES WALKER LLP |
| BRACEWELL LLP | 201 St. Charles Ave. |
| 2001 M Street NW, Ste. 900 | New Orleans, LA 70170 |
| Washington, DC 20006 | (504) 582-8000 |
| (202) 828-5800 | bholden@joneswalker.com |
| david.super@bracewell.com | jpercy@joneswalker.com |
| jason.hutt@bracewell.com | bvenn@joneswalker.com |
| jeff.holmstead@bracewell.com | |
| kevin.voelkel@bracewell.com | |

***Counsel for Defendant***
***Denka Performance Elastomer, LLC***

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 2:23-cv-735 |
| v. | ) ) ) | SECTION J |
| **DENKA PERFORMANCE ELASTOMER, LLC and DUPONT SPECIALTY PRODUCTS USA, LLC,** | ) ) ) ) | JUDGE BARBIER<br><br>MAGISTRATE JUDGE NORTH |
| Defendants. | ) ) ) | |

## DENKA PERFORMANCE ELASTOMER, LLC'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE UNITED STATES

TO:  United States of America
     Through Their Counsel of Record

Defendant, Denka Performance Elastomer, LLC ("DPE" or "Defendant"), through its undersigned counsel and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, propounds the following Requests for Production ("Discovery Requests") on the Plaintiff, United States of America ("Plaintiff"). Defendant requests that Plaintiff answer separately, fully, and in writing, and provide documents responsive to these Discovery Requests within the time allowed by the Federal Rules of Civil Procedure.

## INSTRUCTIONS

1. These Discovery Requests cover, without limitation, all answers, information, and documents known or available to you, including information in the possession of your attorneys and all persons acting or purporting to act on your behalf and not merely such information known of your own personal knowledge.

2. If any of these Discovery Requests cannot be answered in full, please answer to the extent possible, specifying the reasons for the inability to answer the remainder and stating whatever information, knowledge, or belief you have concerning the unanswered portion.

3. For any Response or portion of any Response withheld on a claim of privilege, including without limitation, privilege, work product, or confidentiality, provide a written statement indicating that it claims privilege, work product, or confidentiality, and briefly state the grounds on which such claim rests so that a factual basis may be laid for determining whether such documents are, in fact, privileged, work product, or confidential. A privilege log containing the information described in Federal Rule of Civil Procedure 26(b)(5) is also required.

4. All electronically stored information responsive to these Discovery Requests shall be produced in native format and include all metadata.

## DEFINITIONS

1. "**Communication**" means any oral or written utterance, notation, video, or statement of any nature whatsoever, by or to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, telephone conversations, consultations, agreements, and understandings, among two or more persons. "Communication" also means any transfer, attempted transfer, or request for a transfer of information by a person, including, without limitation, any transfer, attempted transfer, or request for a transfer of information between parts or divisions of a person, other than a natural person, or between any file thereof.

2. "**Document**" includes (a) any "document" as that term is used in Federal Rule of Civil Procedure 34(a) and any recorded information (b) that is not excluded from discovery pursuant to the Stipulated Protective Order dated May 5, 2023. Every draft or non-identical copy of a document is a separate "document" for purposes of these requests.

3. "**Including**," including all forms thereof, means "including, but not limited to".

4. "**LDEQ**" means the Louisiana Department of Environmental Quality.

5. "**LDH**" means the Louisiana Department of Health.

6. As used here, a document is deemed to be in your "**possession**" if: (1) it is within your physical possession or control, or (2) it is in the physical control of another person and you:

   a. have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document on any terms; or

   b. have, as a practical matter, been able to use, inspect, examine, or copy such document when you have sought to do so.

   c. own the document, in whole or in part.

7. "**Relating to**" means discuss, describe, refer to, reflect, contain, analyze, study, report on, comment on, evidence, comprise, constitute, set forth, consider, recommend, concern, depict, describe, or allude to the subject. These terms do not, however, include mere non-substantive references to the subject.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 16:**

Please provide all documents relating to cooperative agreements 01F70601 (Recipient: LDEQ; Date: September 19, 2020) and 01F70501 (Recipient: LDH; Date: September 19, 2020), including any documents relating to funding applications, requests for proposals, project plans, status updates, periodic reports, completion of milestones, timelines, deliverables, performance measures, and third-party correspondence.

**REQUEST FOR PRODUCTION NO. 17:**

Please provide the Federal Register publication for each residual risk review (as defined in Section 112 of the Clean Air Act) that EPA has published and, where available, the "Response to Comments" or similar document accompanying the publication or otherwise included in EPA's record of decision.

**REQUEST FOR PRODUCTION NO. 18:**

Please provide all documents including the words "Denka," "DPE," "chloroprene," or "neoprene" and relating to EPA administrative complaint numbers 01R-22-R6, 02R-22-R6, or 04R-22-R6 under Title VI of the Civil Rights Act of 1964, including all such documents exchanged with the State of Louisiana or third parties.

Respectfully submitted,

*/s/ Brett S. Venn*
JONES WALKER LLP

| | |
|---|---|
| David A. Super, T.A.(*pro hac vice*) | |
| Jason B. Hutt (*pro hac vice*) | |
| Jeffrey R. Holmstead (*pro hac vice*) | James C. Percy (La. Bar No. 10413) |
| Britt Cass Steckman (*pro hac vice*) | 445 N. Boulevard, Suite 800 |
| Kevin M. Voelkel (*pro hac vice*) | Baton Rouge, LA 70802 |
| BRACEWELL LLP | Telephone: (225) 248-2130 |
| 2001 M Street NW, Ste. 900 | Facsimile: (225) 248-3130 |
| Washington, DC 20006 | jpercy@joneswalker.com |
| (202) 828-5800 | |
| david.super@bracewell.com | Robert E. Holden (La. Bar No. 06935) |
| jason.hutt@bracewell.com | Brett S. Venn (La. Bar No. 32954) |
| jeff.holmstead@bracewell.com | 201 St. Charles Ave., Suite 5100 |
| britt.steckman@bracewell.com | New Orleans, LA 70170 |
| kevin.voelkel@bracewell.com | Telephone: (504) 582-8000 |
| | Facsimile: (504) 582-8583 |
| | bholden@joneswalker.com |
| | bvenn@joneswalker.com |

*Counsel for Defendant Denka Performance Elastomer LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2023, a true and correct copy of the foregoing DENKA PERFORMANCE ELASTOMER, LLC'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE UNITED STATES was served on all counsel of record for the parties via electronic mail, by agreement of the parties.

                                               */s/ Brett S. Venn*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 2:23-cv-735 |
| | ) | |
| v. | ) | SECTION J |
| | ) | |
| DENKA PERFORMANCE ELASTOMER, LLC and DUPONT SPECIALTY PRODUCTS USA, LLC, | ) ) ) | JUDGE BARBIER |
| | ) | MAGISTRATE JUDGE NORTH |
| Defendants. | ) ) | |

**DENKA PERFORMANCE ELASTOMER, LLC'S THIRD SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS TO THE UNITED STATES**

TO:   United States of America
      Through Their Counsel of Record

Defendant, Denka Performance Elastomer, LLC ("DPE" or "Defendant"), through its undersigned counsel and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, propounds the following Requests for Production ("Discovery Requests") on the Plaintiff, United States of America ("Plaintiff"). Defendant requests that Plaintiff answer separately, fully, and in writing, and provide documents responsive to these Discovery Requests within the time allowed by the Federal Rules of Civil Procedure.

## INSTRUCTIONS

1.    These Discovery Requests cover, without limitation, all answers, information, and documents known or available to you, including information in the possession of your attorneys and all persons acting or purporting to act on your behalf and not merely such information known of your own personal knowledge.

1

2. If any of these Discovery Requests cannot be answered in full, please answer to the extent possible, specifying the reasons for the inability to answer the remainder and stating whatever information, knowledge, or belief you have concerning the unanswered portion.

3. For any Response or portion of any Response withheld on a claim of privilege, including without limitation, privilege, work product, or confidentiality, provide a written statement indicating that it claims privilege, work product, or confidentiality, and briefly state the grounds on which such claim rests so that a factual basis may be laid for determining whether such documents are, in fact, privileged, work product, or confidential. A privilege log containing the information described in Federal Rule of Civil Procedure 26(b)(5) is also required.

4. All electronically stored information responsive to these Discovery Requests shall be produced in native format and include all metadata.

## DEFINITIONS

1. "**EPA**," "**You**," "**your**," "**yours**," or "**Plaintiff**" shall refer to the United States acting on behalf of the United States Environmental Protection Agency ("EPA") and EPA Administrator Michael S. Regan.

2. "**Including**" means including all forms thereof, means "including, but not limited to".

3. "**Permanent Requested Relief**" means the relief described in the Statement of Relief.

4. "**Relating to**" means referring to, having any relationship to, pertaining to, evidencing, comprising, reflecting, involving, dealing with, concerning, analyzing, mentioning, or constituting evidence of, in whole or in part.

5. "**Statement of Relief**" means Section II of the letter, dated October 20, 2023, from Mr. Steven Shermer to Mr. David Super titled *United States v. Denka Performance Elastomer, LLC, et al. (Civ. Action No. 2:23-cv-735) (E.D. La.) - United States' Voluntary Initial Disclosures*.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 19:**

Please provide documents, including air modeling, that EPA relied upon in assessing whether the Permanent Requested Relief is (i) feasible to implement; (ii) reasonable to require; and (iii) tailored to abate the imminent and substantial endangerment alleged by EPA.

**REQUEST FOR PRODUCTION NO. 20:**

Please provide documents, including air modeling, that EPA relied upon in assessing whether the Permanent Requested Relief (i) is warranted, considering the balance of hardships between EPA and DPE; (ii) would not disserve the public interest; and (iii) is the only remedy available at law adequate to address the "imminent and substantial endangerment" at the DPE Facility alleged by EPA.

Respectfully submitted,

*/s/ Brett S. Venn*

| | |
|---|---|
| David A. Super, T.A.(*pro hac vice*) | JONES WALKER LLP |
| Jason B. Hutt (*pro hac vice*) | |
| Jeffrey R. Holmstead (*pro hac vice*) | James C. Percy (La. Bar No. 10413) |
| Britt Cass Steckman (*pro hac vice*) | 445 N. Boulevard, Suite 800 |
| Kevin M. Voelkel (*pro hac vice*) | Baton Rouge, LA 70802 |
| BRACEWELL LLP | Telephone: (225) 248-2130 |
| 2001 M Street NW, Ste. 900 | Facsimile: (225) 248-3130 |
| Washington, DC 20006 | jpercy@joneswalker.com |
| (202) 828-5800 | |
| david.super@bracewell.com | Robert E. Holden (La. Bar No. 06935) |
| jason.hutt@bracewell.com | Brett S. Venn (La. Bar No. 32954) |

3

| | |
|---|---|
| jeff.holmstead@bracewell.com<br>britt.steckman@bracewell.com<br>kevin.voelkel@bracewell.com | 201 St. Charles Ave., Suite 5100<br>New Orleans, LA 70170<br>Telephone: (504) 582-8000<br>Facsimile: (504) 582-8583<br>bholden@joneswalker.com<br>bvenn@joneswalker.com |

*Counsel for Defendant Denka Performance Elastomer LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2023, a true and correct copy of the foregoing DENKA PERFORMANCE ELASTOMER, LLC'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE UNITED STATES was served on all counsel of record for the parties via electronic mail, by agreement of the parties.

*/s/ Brett S. Venn*