# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br><br>    v.<br><br>DENKA PERFORMANCE ELASTOMER, LLC, and DUPONT SPECIALTY PRODUCTS USA, LLC,<br><br>    *Defendants*. | Civ. No. 2:23-cv-735<br><br>Judge Barbier (Section: "J" (5))<br><br>Magistrate Judge North |

## UNITED STATES' REPLY SUPPORTING ITS MOTION TO REOPEN THIS CASE AND SET A STATUS HEARING

Denka Performance Elastomer, LLC ("Denka") does not oppose the basic relief the United States requested in its motion. *See* ECF No. 181. Denka is "prepared to attend a status conference…and has no objection to reopening this case." Denka's Resp. to EPA's Mot. To Reopen Case at 1 (ECF No. 182) ("Denka's Response"). The United States therefore respectfully requests that the Court grant the pending motion to reopen this case and set a status hearing on the United States' renewed request to reset this matter for trial.

At that hearing, the Parties can also provide the Court with the updates it requested on the status of the D.C. Circuit litigation that Denka filed regarding the Clean Air Act "Final Rule"[1] and the Fifth Circuit litigation that Denka filed regarding the Louisiana Department of Environmental Quality's action on Denka's request to extend the Final Rule's compliance deadline. *See* July 17, 2024 Minute Entry at 2 (ECF No. 179).

---

[1] New Source Performance Standards for the Synthetic Organic Chemical Manufacturing Industry and National Emission Standards for Hazardous Air Pollutants for the Synthetic Organic Chemical Manufacturing Industry and Group I & II Polymers and Resins Industry. 89 Fed. Reg. 42,932 (May 16, 2024).

The remainder of Denka's response confirms that a new summary judgment briefing cycle and new discovery will not help decide the relevant issues in this case and will unnecessarily waste months of time.

**I.     Denka's third round of discovery will take months, not weeks, and targets irrelevant topics.**

Denka's continued push for more discovery improperly targeting the Final Rule (which is subject to judicial review only in the D.C. Circuit based on the EPA's now-certified and publicly available administrative record) will only serve to unnecessarily delay this case.   The necessary meet and confer process, as well as potential motion practice to address any remaining objections to Denka's proposed discovery, would not take mere weeks as Denka unrealistically suggests.[2]

Moreover, Denka's description of the prospective third round of discovery it wants shows why additional discovery is unnecessary.   None of the information Denka intends to seek is relevant to the questions arising from the claims and defenses *in this litigation*: the carcinogenic potency of chloroprene and the resulting cancer risks from Denka's emissions.   Indeed, Denka's Response explains in bolded headings that it wants discovery "Regarding the Rule" that it is challenging in separate litigation.   Denka's Response at 5.   But as the government explained during the July 17, 2024 status hearing, no discovery is needed to obtain the information on which the EPA based the Final Rule, including any changes from the "Proposed Rule."[3]   That

---

[2] Denka again makes the strange argument that the United States should have continued responding to new discovery requests from Denka "over the summer," months after discovery had closed and the Court denied Denka's requests for further discovery.  *Compare* Denka's Response at 9 *with* Oct. 23, 2023 Order ¶ 3 (ECF No. 103) (setting February 4, 2024 discovery cut-off) and March 8, 2024 Order (ECF No. 173) (denying Denka's request for more discovery).

[3] *See* 88 Fed. Reg. 25,080 (Apr. 25, 2023).

information is publicly accessible at: http://www.regulations.gov, as detailed in the preamble to the Final Rule that was published in the Federal Register.  *See* July 18, 2024 Tr. at 53-54.[4]

Denka's proposed discovery topics are not appropriate for several other reasons.  First, Denka's Response makes clear that the additional risk-assessment data it seeks is not relevant to the United States' relief *in this case*.  Denka believes such data will support one of its expert's arguments that, even if Denka complies with all of the technology-based air pollution control requirements *in the Final Rule*, ambient concentrations of chloroprene near Denka's LaPlace, Louisiana Neoprene facility (the "Facility") will only fall to 0.75 μg/m$^3$.  *See* Denka's Response at 5–6.  But the United States is not asking the Court to order Denka to install air pollution control equipment needed to comply with the Final Rule.  The United States seeks an order that Denka reduce its emissions so that ambient chloroprene concentrations near the Facility remain at or below 0.2 μg/m$^3$, whether by installing equipment, limiting production, or any other means.

Second, Denka's proposed discovery is a fishing expedition into the irrelevant personal views of individual EPA employees and non-final views of EPA offices about why the EPA changed the compliance period between the Proposed Rule and the Final Rule from two years to the 90-day statutory default under 42 U.S.C. § 7412(f)(4).  But the EPA has explained the *Agency's* rationale for its position in the Final Rule's preamble, which was published in the Federal Register.  And all information and data on which the Final Rule is based is available through the publicly accessible, online docket specified in the Final Rule's published preamble.  *See* 89 Fed. Reg. 42,932 (citing www.Regulations.gov (Docket ID No. EPA-HQ-OAR-2022-0730)).  While Denka may be curious about the exchange of personal opinions among agency

---

[4] To date, Denka has not communicated regarding any items that it could not locate in, or download from, the electronic docket as the government invited them to do at the status hearing.

employees or certain offices, any views that were not adopted in the Final Rule do not reflect the position of the EPA – the Agency that brought this suit – and therefore "are not legally germane" to this case, "are only advisory in character," and "could be grossly misleading." *Int'l Paper Co. v. Fed. Power Comm'n,* 438 F.2d 1349, 1358 (2d Cir. 1971); *see also United States v. Farley*, 11 F.3d 1385, 1390 (7th Cir. 1993) (denying discovery of internal FTC memoranda because "[t]he suppositions of FTC staff members" expressed in internal memoranda interpreting the Clayton Act were not relevant to the court's role to decide the controversy over how to interpret the Clayton Act).[5]  Non-final views may also be protected by the deliberative process or other privilege.  And at the end of the day, the Final Rule and its compliance period are not at issue in this endangerment case brought under 42 U.S.C. § 7603's distinct statutory authority.

Third, Denka may be trying to prove that the EPA does not consider a 1-in-10,000 lifetime cancer risk to be an absolute "threshold for an 'imminent and substantial endangerment.'"  Denka's Response at 8.  (Denka has already pursued and received discovery on that issue.)  But even assuming that point is true, it would make no difference to the issues before this Court: whether the lifetime cancer risks from *Denka's* emissions—which are much higher than 1-in-10,000—pose an imminent and substantial endangerment to the specific

---

[5] For similar reasons, more discovery into EPA's communications with non-party citizen groups and Louisiana state agencies, which Denka has previously indicated it would pursue, is not relevant.  Even if non-party citizens groups urged the EPA to adopt changes to the Final Rule, the Court must evaluate the claim in *this case* on *its* merits, not on what citizens groups said to the EPA about a Clean Air Act rulemaking.  It is well known that the EPA received dozens of public comments from various organizations – as often happens – requesting changes or clarifications to any number of aspects about the Proposed Rule.  The Parties discussed at the July 17, 2024 status hearing that the comments can be downloaded from the publicly accessible online rulemaking docket.  *See* www.Regulations.gov (Docket ID No. EPA-HQ-OAR-2022-0730).  Denka itself submitted more than 100 pages of comments seeking major changes, and the EPA made changes to the Final Rule in response.  *See* ECF No. 73-1.  There is no need for Denka's burdensome and duplicative document requests that seek similar information.

communities affected by Denka's emissions, and whether the United States' requested injunctive relief is appropriate.

Even if the discovery that Denka seeks has some tangential relevance to the claims and defenses in this litigation, expanding the scope of discovery to include such topics would not be appropriate in these expedited, consolidated proceedings. It was not just the United States that consented to a consolidated trial on the merits under Fed. R. Civ. P. 65(a)(2); Denka did as well. *See* ECF No. 103 (scheduling order based on the Parties' joint proposal). The United States accepted potential delays in securing preliminary injunctive relief in order to expedite *final* injunctive relief. Denka, in turn, accepted expedited proceedings to avoid a hearing on the United States' preliminary injunction motion and advance to a trial on the merits. The discovery that Denka now seeks was not necessary to it then, or now.

## II. Denka new summary judgment motion would raise the same disputed factual issues.

Denka concedes that some of its original summary judgment arguments "have changed." Denka's Response at 4. It is not credible for Denka to still argue that a now-changed proposed compliance date in a, by definition, non-final proposed Clean Air Act regulation represents a concession as a matter of law. *Cf. id*. at 7. By now, the Court likely does not need any additional briefing to explain why Denka's primary summary judgment argument raises a moot issue.[6] *See* United States' Mem. Supp. Mot. to Reopen This Case at 5 (ECF No. 181-3). But if it would still help the Court, a short sur reply and commensurate response on this issue is the most efficient approach.

---

[6] Denka's primary summary judgment argument based on the Proposed Rule is moot, not their entire motion. *Cf.* Denka's Response at 3 (mischaracterizing the United States' position). Denka's remaining arguments for summary judgment should be denied for different reasons. *See* United States' Opp'n to Denka's Mot. Summ. J. (ECF No. 150).

Denka's new summary judgment briefing would simply rehash the same issues that "[Denka] previously argued," and the "substantial additions and revisions" Denka plans on making will not advance the Court's understanding. Denka's Response at 3, 4. As a prime example, Denka has repeatedly raised the first argument in its response – delay – throughout this case. *See, e.g.*, Denka's Ans. and Countercl. at 51 ¶ 67 (ECF No. 22). The government has regularly explained why Denka is incorrect, and there is no need for more briefing on this same issue. *See, e.g.*, United States' Opp'n to Denka's Mot. Summ. J. at 16-19.[7]

Denka's proposed new arguments about the Final Rule are, in fact, nothing new. They simply raise more of the same "hotly disputed" issues of material fact that are not appropriate for summary judgment. Denka cannot refute the EPA's authority to bring this action under 42 U.S.C. § 7603 by drawing factual distinctions with other Clean Air Act regulations or with the health risks caused by other air pollution sources. *See* United States' Opp'n to Denka's Mot. Summ. J. at 6-9. Denka has repeatedly asked the Court to engage in comparing and contrasting the underlying factual circumstances and reasoning behind different EPA Clean Air Act regulations, involving different pollutants, emitted by different types of industries, affecting different populations who live in different geographic areas than LaPlace, Louisiana. *See, e.g.*, Denka's Opp'n to Mot. for Prelim. Inj. at 9, 16 n.17, and 36-37 (ECF No. 73); Denka's Mot. for Summ. J. at 15-18 (ECF No. 131-3). The United States has explained why Denka is wrong, and our response remains the same. *See, e.g.*, United States' Opp'n to Denka's Mot. for Summ. J. at

---

[7] Although Denka again complains about postponing the March trial date, its response confirms that doing so was the most efficient approach in this case. *See* United States' Opp'n to Denka's Mot. for Summ. J. at 3 n. 2. Though we disagree with its arguments, Denka obviously believes that it now has new ones based on the Final Rule that "obviate the need for a trial." Denka's Response at 4. Denka would no doubt have raised these same arguments in post-trial briefing, likely only a few weeks after trial had concluded.

6

14-15.

How the EPA has used different Clean Air Act statutory authority (42 U.S.C. § 7412) is irrelevant to whether the United States has met its burden of proof in this case under 42 U.S.C. § 7603 based on the site-specific evidence that the United States will present at trial about chloroprene's health risks to the communities surrounding Denka's LaPlace, Louisiana Facility. *See* United States' Opp'n to Denka's Mot. for Summ. J. at 6-8; *see also* United States' Reply in Supp. of Its Mot. for Prelim. Inj. at 8-10 (ECF No. 94) (summarizing evidence of the endangerment from Denka's chloroprene emissions). The EPA has the discretion to bring an endangerment action under 42 U.S.C. § 7603 focusing on an individual source of air pollution, like Denka's Facility, based on appropriate evidence. *See* United States' Opp'n to Denka's Mot. for Summ. J. at 6-8 and 14-16. And the EPA may do so regardless of whether it has or will issue a regulation under 42 U.S.C. § 7412 to address hazardous air pollution even when—as here—both actions implicate a single source. *See id*. at 6-8. Denka's comparisons to other regulations are both wrong as a matter of law and a fact-intensive exercise that is not appropriate under Fed. R. Civ. P. 56(a).

## **CONCLUSION**

For these reasons, the United States respectfully requests that the Court grant the United States' motion.

Dated: September 30, 2024　　　　　　　　Respectfully submitted,

**FOR THE UNITED STATES OF AMERICA**

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

　　　　　　　　　　　　　　　　　　　　　s/ Steven D. Shermer
<u>Trial Attorney</u>:　　　　STEVEN D. SHERMER
Senior Attorney
District of Columbia Bar No. 486394
DAVIS H. FORSYTHE
DANIEL S. SMITH
SCOTT M. CERNICH
Senior Counsel
HANNAH L. FRAZIER
JONAH M. SELIGMAN (LA Bar # 38890)
Trial Attorneys
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
(202) 514-1134
Steven.Shermer@usdoj.gov

OF COUNSEL:

JUSTIN LANNEN
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region 6
1201 Elm Street, Suite 500 (ORCEA)
Dallas, TX 75270

**CERTIFICATE OF SERVICE**

      I certify that on September 30, 2024, a true and correct copy of the foregoing United States' Reply Supporting Its Motion To Reopen Case was filed with the U.S. District Court for the Eastern District of Louisiana using the Court's CM/ECF system. Notice of this Electronic Filing will be sent to all parties by operation of the Court's Electronic Filing System.

                                                    s/Steven Shermer
                                                    Steven D. Shermer