IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br> *Plaintiff*,<br><br> v.<br><br>DENKA PERFORMANCE ELASTOMER, LLC, and DUPONT SPECIALTY PRODUCTS USA, LLC,<br><br> *Defendants*. | Civ. No. 2:23-cv-735<br><br>Judge Barbier (Section: "J" (5))<br><br>Magistrate Judge North |

**JOINT STATUS REPORT FILED PURSUANT TO OCTOBER 8, 2024 ORDER**

On October 8, 2024, the Court ordered the Parties to submit a status report in advance of the status conference set for November 21, 2024. *See* Order (ECF No. 184). The Court required that the status report "inform[ ] the Court of the status of this litigation and of the litigation proceeding before the Fifth Circuit and D.C. Circuit and what impact, if any, that action has on the instant matter." *Id*. The Court requested this report in preparation for the November 21 status hearing regarding: 1) the United States' Motion to Reopen Case (ECF No. 181) "as it relates to the issues concerning the need for renewed briefing and limited discovery, (2) the status of the D.C. Circuit litigation that Denka Performance Elastomers LLC ("DPE") filed regarding the Clean Air Act 'Final Rule,' and (3) the impact of the Fifth Circuit litigation regarding the Louisiana Department of Environmental Quality's action on Denka's request to extend the Final Rule's compliance deadline." *Id*.

Although the Parties have conferred in good faith on the content of this status report, there are substantial points on which the Parties differ, and the Parties have set forth their respective positions below.

I. **Status of the Current District Court Litigation.**

A. **The United States' position:** The United States requests that the Court reset this matter for trial, and recommends that the Parties submit for the Court's review and approval a joint proposed pretrial and trial schedule, highlighting any differences for the Court to resolve. *See* Joint Status Report at 4 (ECF No. 177) (reciting Denka's position that "[i]f DPE obtains emergency relief from the D.C. Circuit or Fifth Circuit… then the Court could set the trial for mid- to late-December 2024, or early 2025"). The proposed pretrial schedule would include new dates for completing amended pretrial disclosures, as well as proposed windows of time for the pre-trial conference and trial, subject to the Court's availability.[1] *See* Feb. 16, 2024 Order ¶ 2 (ECF No. 169).

The October 15 threshold that Denka proposed for holding this case in abeyance has come and gone, and this case is not moot. *Cf.* Joint Status Report at 3 (ECF No. 177). Denka's Neoprene manufacturing facility continues to operate and emit chloroprene that poses an imminent and substantial endangerment. DPE's actions following the Final Rule's publication – including filing the D.C. Circuit Litigation to vacate the Final Rule's chloroprene requirements and filing the Fifth Circuit Litigation – make clear that injunctive relief ordered by this Court remains necessary to sufficiently reduce DPE's chloroprene emissions and their consequent cancer risks in the near term. This case must resume.

---

[1] The United States' pending motion to dismiss DPE's amended counterclaim (ECF No. 111) could delay the Parties' chosen proposed trial date. If the Court denies the United States' pending motion to dismiss, and the amended counterclaim is not dismissed on other grounds, those issues could not be combined with the proposed *de novo* trial of the government's imminent and substantial endangerment claim. The counterclaim issues require review under the Administrative Procedures Act. The counterclaim issues would therefore have to be resolved on future cross-motions for summary judgment based solely on the pertinent EPA administrative record. *See* United States' Reply in Supp. of Mot. to Dismiss DPE's Am. Countercl. for Lack of Subject Matter Jurisdiction at 8-9 (ECF No. 130-1).

B.      **DPE's position:**

DPE has no objection to reopening this case. However, DPE continues to believe that summary judgment can and should be granted in this case and that addressing summary judgment should be the first order of business when the case resumes. As discussed fully in DPE's Response to EPA's Motion to Reopen Case and Set Status Hearing ("DPE's Position On Reopening Case") (ECF No. 182 at 3-4), based on EPA's conclusions in the Rule (which post-date the prior summary judgment briefing), the arguments in favor of summary judgment are even stronger than before. DPE's Position On Reopening Case also discussed why it is important that DPE be permitted to file a renewed motion, as the Court contemplated during the Status Conference on July 17, 2024. *See* Tr. of July 17 Status Conference at 34:23-35:1 (relevant portions attached as Exhibit 3 to ECF No. 182). Consistent with the schedule and approach the Court suggested during the July 17 status conference, DPE proposes that DPE file its renewed summary judgment motion 30 days after the status conference, EPA file its opposition 30 days thereafter, and DPE file its reply ten days after that. *See* Tr. of July 17 Status Conference at 64:18-24 (attached as Exhibit 3 to ECF No. 182).

In DPE's Position Regarding Reopening Case, DPE also discussed its request to take targeted discovery relating to the Rule. See ECF No. 182 at 5-9. DPE will be prepared to discuss that discovery at the upcoming status conference.

Finally, DPE does not object to EPA's recommendation that, at the appropriate time, the Parties submit a proposed pretrial and trial schedule for the Court's consideration. As noted above, DPE strongly suggests that resolving its motion for summary judgment should be the first order of business, which would obviate the need for a trial and the extensive expenditure of resources needed for trial preparation. In addition, counsel for DPE informed counsel for EPA that a key

3

member of DPE's trial team will be on paternity leave in February through the beginning of April 2025. DPE would request that any trial be set for after that period.

## II. The Parties' Joint Statement of the Status of the D.C. Circuit Litigation Regarding The Rule.

On May 16, 2024, DPE petitioned for review of the Final Rule in the D.C. Circuit. *DPE v. EPA*, Docket No. 24-1135, Doc. #2063169 (D.C. Cir. filed May 16, 2024). On May 28, 2024, DPE filed an emergency motion for stay pending review. *See id.*, Doc. #2056561 (D.C. Cir. filed May 28, 2024). On June 26, 2024, a motions panel of the D.C. Circuit denied DPE's stay motion. *See id.*, Doc. #2061788 (D.C. Cir. filed June 26, 2024). On July 5, 2024, DPE filed a petition for panel rehearing and rehearing *en banc* of the order denying the stay motion. *See id.*, Doc. #2063169 (D.C. Cir. filed June 26, 2024). On July 17, 2024, after the status conference in this matter was adjourned, the D.C. Circuit denied DPE's request for panel rehearing and rehearing *en banc*. *See id.* Doc. #2065221 (D.C. Cir. filed July 17, 2024).

State, environmental, and other industry petitioners have also challenged the Final Rule. The D.C. Circuit consolidated all petitions challenging the Final Rule and issued a briefing schedule. Under the schedule, briefing will be completed by May 12, 2025. Oral argument has not been scheduled.

## III. The Parties' Joint Statement of the Status of the Fifth Circuit Litigation.

On July 11, 2024, DPE petitioned for review in the Fifth Circuit seeking an order regarding the validity of the Louisiana Department of Environmental Quality's grant of an extension of the Final Rule's October 15, 2024 compliance deadline. Doc. No. 1-2, *Denka Performance Elastomer LLC et al. v. United States Environmental Prot. Agency et al.*, No. 24-60351 (5th Cir.). On the same day, DPE filed a motion for stay pending appeal. *Id.* Doc. No. 6-1. On July 31, 2024, the Fifth Circuit granted DPE's motion for a stay precluding EPA from

taking action in contravention of the validity of the Louisiana Department of Environmental Quality's grant of an extension of the Final Rule's October 15, 2024 compliance deadline pending a resolution of Denka's petition in that Circuit Court of Appeals.  *See id.* Order, Doc. No. 57-2.  The State of Louisiana and the Louisiana Department of Environmental Quality have intervened in support of DPE.  *See id.* Order, Doc. No. 37-2.  On October 30, 2024, DPE filed its opening brief.  *Id.* Doc. No. 92-1.  On November 6, 2024, Intervenor LDEQ filed its opening brief.  *Id.* Doc. No. 96.  Pursuant to an extension requested by EPA, EPA's response deadline is December 20, 2024.  The Parties expect that briefing would be completed by mid-January 2025.  Oral argument has not been scheduled.

### IV. The Parties' Joint Statement Regarding the Impact of the D.C. Circuit and Fifth Circuit Litigation on the instant matter.

The Parties agree that the D.C. Circuit and Fifth Circuit Litigation should not interfere with the need for the instant matter to resume.

**Dated: November 14, 2024.**

                                          Respectfully submitted,

                                          **FOR THE UNITED STATES OF AMERICA**

                                          TODD KIM
                                          Assistant Attorney General
                                          Environment and Natural Resources Division
                                          United States Department of Justice

                                                s/ Steven D. Shermer
<u>Trial Attorney</u>:                      STEVEN D. SHERMER
                                          District of Columbia Bar No. 486394
                                          SCOTT M. CERNICH
                                          Senior Attorneys
                                          DAVIS H. FORSYTHE
                                          DANIEL S. SMITH
                                          Senior Counsel

HANNAH L. FRAZIER
JONAH M. SELIGMAN (La. Bar No. 38890)
Trial Attorneys
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
(202) 514-1134
Steven.Shermer@usdoj.gov

HEATHER E. GANGE
District of Columbia Bar No. 452615
Senior Attorney
Environmental Defense Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
(202) 514-4206
Heather.Gange@usdoj.gov

OF COUNSEL:

JUSTIN LANNEN
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region 6
1201 Elm Street, Suite 500 (ORCEA)
Dallas, TX 75270

JONES WALKER LLP

James C. Percy (La. Bar No. 10413)
445 N. Boulevard, Suite 800
Baton Rouge, LA 70802
Telephone: (225) 248-2130
Facsimile: (225) 248-3130
jpercy@joneswalker.com

Robert E. Holden (La. Bar No. 06935)
Brett S. Venn (La. Bar No. 32954)
201 St. Charles Ave., Suite 5100
New Orleans, LA 70170
Telephone: (504) 582-8000
Facsimile: (504) 582-8583
bholden@joneswalker.com
bvenn@joneswalker.com

/s/ David A. Super
David A. Super (*pro hac vice*)
Jason B. Hutt (*pro hac vice*)
Jeffrey R. Holmstead (*pro hac vice*)
Kevin D. Collins (*pro hac vice*)
Britt Cass Steckman (*pro hac vice*)
Kevin M. Voelkel (*pro hac vice*)
BRACEWELL LLP
2001 M Street NW, Ste. 900
Washington, DC 20006
Telephone: (202) 828-5800
david.super@bracewell.com
jason.hutt@bracewell.com
jeff.holmstead@bracewell.com
kevin.collins@bracewell.com
britt.steckman@bracewell.com
kevin.voelkel@bracewell.com

*Counsel for Denka Performance Elastomer LLC*

Respectfully submitted,

*/s/ Eric E. Jarrell*
ERIC E. JARRELL (#16982) TA
ROBERT J. BURVANT (#14119)
MARIE O. LUIS (#38332)
**KING & JURGENS, LLC**
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Telefax: (504) 582-1233
ejarrell@kingjurgens.com
rburvant@kingjurgens.com
mluis@kingjurgens.com

***Counsel for DuPont Specialty Products USA, LLC***

## CERTIFICATE OF SERVICE

      I certify that on November 14, 2024, a true and correct copy of the foregoing Joint Status Report was filed with the U.S. District Court for the Eastern District of Louisiana using the Court's CM/ECF system. Notice of this Electronic Filing will be sent to all parties by operation of the Court's Electronic Filing System.

                                                        s/Steven D. Shermer

                                                        Steven D. Shermer