IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 2:23-cv-735 |
| | ) | |
| v. | ) | SECTION J(5) |
| | ) | |
| DENKA PERFORMANCE ELASTOMER LLC and DUPONT SPECIALTY PRODUCTS USA, LLC, | ) ) ) | JUDGE BARBIER |
| | ) | MAGISTRATE JUDGE NORTH |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DENKA PERFORMANCE ELASTOMER LLC'S
REQUEST FOR CLARIFICATION REGARDING
NOVEMBER 21, 2024 MINUTE ORDER**

In the Court's Minute Order issued November 21, 2024 ("November 21 Minute Order"), the Court ordered that Denka Performance Elastomer LLC's ("DPE") pending Motion for Summary Judgment (R. Doc. 131) is "taken under advisement" and "the Court will advise counsel if any further briefing or oral argument is necessary." R. Doc. 186 at 2. In the scheduling order issued on January 8, 2025 ("Scheduling Order"), the Court set trial to commence on April 14, 2025, and adopted a corresponding schedule of pre-trial dates. The Scheduling Order does not contemplate further briefing.

During the November 21 status conference preceding the November 21 Minute Order, the Court indicated that DPE would not be permitted to file supplemental briefing on its pending Motion for Summary Judgment to address the impact of the Environmental Protection Agency's ("EPA") May 16, 2024 final Rule governing chloroprene.[1] As briefly set forth in prior submissions

---

[1] *See* New Source Performance Standards for the Synthetic Organic Chemical Manufacturing Industry and National Emission Standards for Hazardous Air Pollutants for the Synthetic Organic

to the Court,[2] DPE believes the Rule fully supports DPE's Motion for Summary Judgment, as a matter of law. It is DPE's position that the basis for summary judgment as supported by the Rule is purely legal and does not involve factual issues that could be presented at trial. Further, because the Rule post-dates the prior briefing on DPE's Motion for Summary Judgment, DPE has no apparent procedural basis to present these purely legal matters to the Court.

For these reasons, DPE believes it is legally erroneous and prejudicial to preclude further briefing on these purely legal issues. However, as between the Court's statements during the November 21 status conference and the language of the November 21 Minute Order, it is unclear whether the Court has definitively denied DPE's request to submit further briefing regarding the legal implications of the Rule. The Scheduling Order is silent on that point. Accordingly, to ensure that this issue is appropriately preserved for appeal, DPE respectfully requests that the Court clarify the November 21 Minute Order by either (i) definitively denying further briefing regarding the Rule's impact on the pending Motion for Summary Judgment, or (ii) allowing such briefing, limited to ten pages, on an appropriately expedited schedule in advance of April 14 trial date.

Counsel for DPE discussed this request for clarification with counsel for United States. The United States does not oppose DPE seeking the requested clarification. The United States, however, does oppose supplemental summary judgment briefing based on the United States' understanding of the Court's view during the November 21 status hearing and the approaching April 14 trial date. The United States takes no position on whether the Court in the November 21 Minute Order has definitively denied such further briefing.

---

Chemical Manufacturing Industry and Group I & II Polymers and Resins Industry" ("Rule"). *See* 89 Fed. Reg. 42,932 (May 16, 2024).

[2] *See* DPE Response to EPA's Motion to Reopen Case and Set Status Conference (R. Doc. 182) at 34); Joint Status Report Filed Pursuant to May 31, 2024 Order at (R. Doc. 177) 6-8.

Accordingly, DPE believes this request for clarification is appropriate.

| | |
|---|---|
| Dated: January 14, 2025 | Respectfully submitted, |
| JONES WALKER LLP |  /s/ David A. Super  |
| | David A. Super (*pro hac vice*) |
| James C. Percy (La. Bar No. 10413) | Jason B. Hutt (*pro hac vice*) |
| 445 N. Boulevard, Suite 800 | Jeffrey R. Holmstead (*pro hac vice*) |
| Baton Rouge, LA 70802 | Kevin D. Collins (*pro hac vice*) |
| Telephone: (225) 248-2130 | Britt Cass Steckman (*pro hac vice*) |
| Facsimile: (225) 248-3130 | Kevin M. Voelkel (*pro hac vice*) |
| jpercy@joneswalker.com | BRACEWELL LLP |
| | 2001 M Street NW, Ste. 900 |
| Robert E. Holden (La. Bar No. 06935) | Washington, DC 20006 |
| Brett S. Venn (La. Bar No. 32954) | Telephone: (202) 828-5800 |
| 201 St. Charles Ave., Suite 5100 | david.super@bracewell.com |
| New Orleans, LA 70170 | jason.hutt@bracewell.com |
| Telephone: (504) 582-8000 | jeff.holmstead@bracewell.com |
| Facsimile: (504) 582-8583 | kevin.collins@bracewell.com |
| bholden@joneswalker.com | britt.steckman@bracewell.com |
| bvenn@joneswalker.com | kevin.voelkel@bracewell.com |

**Counsel for Defendant Denka Performance Elastomer LLC**

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of January 2025, a true and complete copy of the foregoing was filed with the Clerk of Court via CM/ECF and served by electronic means on all attorneys of record.

                                                 */s/ David A. Super*  
                                                 David A. Super (*pro hac vice*)