IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>DENKA PERFORMANCE ELASTOMER, LLC, and DUPONT SPECIALTY PRODUCTS USA, LLC,<br><br>*Defendants*. | Civ. No. 2:23-cv-735<br><br>Judge Barbier (Section: "J" (5))<br><br>Magistrate Judge North |

**UNITED STATES' OPPOSITION TO**
**DENKA'S TWO NEWLY DISCLOSED TRIAL WITNESSES**

**INTRODUCTION**

The United States opposes Denka Performance Elastomer, LLC's ("Denka's") recent addition of Aurelia S. Giacometto and Dr. Amanda Vincent to its trial witness list. *See* Denka's Witness List ¶ B(1)-(2) (ECF No. 196). Denka's failure to disclose these witnesses until now is neither "substantially justified" nor "harmless." Fed. R. Civ. P. 37(c)(1). Federal Rule of Civil Procedure 37(c)(1) therefore directs that these two new "may call" witnesses should be stricken and not permitted to testify at the fast-approaching trial in this case.[1]

---

[1] The Court directed the United States to file its "opposition" to Denka's disclosure of Ms. Giacometto and Dr. Vincent by today. *See* February 19, 2025 Report of Status Conference ¶ 2 (ECF No. 201). To the extent the Court prefers that the United States refile its request under Fed. R. Civ. P. 37(c)(1) specifically as a "motion to strike" or "motion *in limine*," we will comply with any procedures the Court requests.

**ARGUMENT**

I. **Disclosing two new witnesses less than 60 days before trial is good cause to exclude them from testifying.**

A. Rules 26(a) and (e) required earlier disclosure.

It is undisputed that Denka never disclosed Ms. Giacometto (the Secretary – and head – of the Louisiana Department of Environmental Quality ("Louisiana DEQ")) and Dr. Vincent (an Assistant Secretary) as potential defense witnesses before February 17, 2025, months after discovery closed and less than 60 days before the April 14, 2025 start date for trial. *See* November 21, 2024 Minute Order ¶ 3 (ECF No. 186) (confirming discovery had closed). Indeed, Denka's excuse for not disclosing these witnesses sooner is that it incorrectly believed February 17, 2025 was its "first opportunity to disclose these witnesses." Denka's Supplemental Disclosures at 1 n.1 (ECF No. 203).

Federal Rules of Civil Procedure 26(a) and (e) required earlier disclosures. Rule 26(a)(1)(A) required Denka to provide all the parties in this case with "the name…of each individual likely to have discoverable information—along with the subjects of that information—that [Denka] may use to support its claims or defenses" "*without awaiting a discovery request*[.]" Fed. R. Civ. P. 26(a)(1)(A) (emphasis added). Denka only provided this information after it was ordered to do so. *See* February 19, 2025 Report of Status Conference ¶ 1. Denka similarly failed to comply with Rule 26(e)(1)(A)'s continuing duty to supplement or correct its Rule 26(a)(1) disclosures "in a timely manner." Fed. R. Civ. P. 26(e)(1).

By itself, Denka's delay and the prejudice that would be caused by allowing these two witnesses to testify at trial justifies striking them. Denka has known about and interacted with Ms. Giacometto and Dr. Vincent for more than half a year, offering Denka ample opportunity to supplement its disclosures in a timely manner. *See, e.g.*, Denka's Supplemental Disclosures ¶ 3

(referencing April and June 2024 correspondence between Denka and the Louisiana DEQ, including letter signed by Dr. Vincent); *see also* https://www.instagram.com/govjefflandry/p/C85ynNmNFKs/?locale=zh-hans&hl=am-et&img_index=1 (picture showing Ms. Giacometto (front row) visiting Denka's facility in 2024).  Denka cited this same correspondence to support the lawsuit it filed against the EPA in the Fifth Circuit Court of Appeals roughly seven months ago, in early July.  That case revolves around many of the same issues that Denka now wants its two new witnesses to testify about in this case.  *See* Denka's Supplemental Disclosures ¶¶s 1-6. Denka, therefore, was well aware that "in some material respect" its disclosures were "incomplete or incorrect" and that "additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1).  Yet Denka remained silent about these known witnesses even as Denka repeatedly sought more discovery for itself during status conferences in July and November of 2024.  *See, e.g.*, July 10, 2024 Joint Status Report at 5-6 (ECF No. 177).

> B. Rule 37(c)(1) automatically excludes witnesses when a party fails to meet its Rule 26 disclosure obligations.

The Advisory Committee notes to Rule 37 describe the striking of undisclosed witnesses as "'automatic' and 'self executing… without need for a motion."  *Moore v. Smith*, No. CV 17-5219, 2021 WL 10373172 *2 (E.D. La. July 6, 2021) (Barbier, J.) (quoting 1993 Advisory Committee notes).  Rule 37(c)(1) is clear that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness…at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  Denka cannot carry the burden Rule 37(c)(1) implicitly places on it to prove harmlessness or substantial justification.  *Louisiana Corral Mgmt., LLC v. Axis Surplus Ins. Co.*, No. CV 22-2398, 2023 WL 315940, at *2 (E.D. La. Jan. 19, 2023).

Denka's position – this far into the litigation – that the parties' February 17, 2025 Rule 26(a)(3) disclosure deadline was its "first opportunity" to identify these witnesses is incorrect and cannot amount to substantial justification for its late disclosure. *See* Denka's Supplemental Disclosures at 1 n.1. "Delays in disclosure are not substantially justified when they reasonably could have been avoided." *Certain Underwriters at Lloyd's v. SSDD, LLC*, 301 F.R.D. 391, 395 (E.D. Mo. 2014). As explained above, nothing prevented Denka from identifying its new witnesses to the parties during the past seven months. Indeed, Rule 26(e) required it to do so.

Similarly, failing to disclose witnesses is not harmless when it deprives the opposing party of the opportunity to depose them or conduct discovery relating to the witnesses. *See, e.g.*, *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 863 (9th Cir. 2014) (upholding district court's decision to exclude late-disclosed trial witnesses and explaining that "[t]he last thing a party or its counsel wants in a hotly contested lawsuit is to make last-minute preparations and decisions on the run"). Here, the United States had no opportunity to depose Denka's two new trial witnesses. Discovery closed, at the latest, this past November. *See* November 21, 2024 Minute Order ¶ 3. Deposing these witnesses at this late stage of the case presents a substantial burden, unfairly imposed solely because Denka chose not to disclose these witnesses earlier. Even if the United States is now given the opportunity to depose these two witnesses, doing so this close to trial steals valuable trial preparation time in an already full pretrial schedule. *See* January 8, 2025 Order at 3 (ECF No. 190) (pretrial scheduling order).

The Court should order Rule 37(c)(1)'s presumptive sanction and strike Denka's two new witnesses because their untimely disclosure was neither harmless nor substantially justified.

4

## II. Striking Denka's two newly disclosed witnesses is the most appropriate remedy under Rule 37(c).

Although Rule 37(c) authorizes the Court to order other remedies (upon motion), prohibiting the use of Denka's two late-disclosed witnesses is the most appropriate sanction because their testimony can and should be excluded on several independent grounds. Moreover, the United States is not seeking other sanctions that Rule 37(c) allows.

### A. Much of the witnesses' proposed testimony is irrelevant.

Several of Denka's proposed testimony topics do not involve facts that are "of consequence in determining the action." Fed. R. Evid. 401(b). For example, how the Louisiana DEQ processed Denka's administrative request for an extension of the "Final Rule's" compliance deadline is not consequential to determining the United States' endangerment claim. *See* Denka's Supplemental Disclosures ¶¶s 1 and 5. Testimony about the Louisiana DEQ's role in the Fifth Circuit litigation is likewise irrelevant. *See id.* ¶ 6 (referencing *Denka Performance Elastomer LLC et al. v. United States Environmental Prot. Agency et al.*, No. 24-60351 (5th Cir.)). The Court need not spend time at trial hearing testimony about the Louisiana DEQ's administrative procedures and ancillary litigation.[2]

### B. Even if relevant, much of these witnesses' proposed testimony is inadmissible.

#### 1. Their testimony is not admissible under Fed. R. Evid. 602.

Denka asserts that its two new witnesses will provide strictly factual testimony. *See* Denka's Supplemental Disclosures at 2 (witnesses will "be providing fact testimony"). Federal

---

[2] To the extent Denka intends some type of "selective prosecution" defense, that, too, is irrelevant. *See, e.g. United States v. Navistar Int'l Corp.*, 240 F. Supp. 3d 789, 800 (N.D. Ill. 2017) ("[T]he EPA has 'broad discretion'…[that] allows it to decide when and when not to bring an enforcement action." (internal citation omitted)); *United States v. Am. Elec. Power Serv. Corp.*, 258 F. Supp. 2d 804, 806 (S.D. Ohio 2003) (citing the general principle that there is no right to have a law go unenforced "even if you think (or can prove) you are not as culpable as some others who have gone unpunished" (quotation omitted)).

Rule of Evidence 602 therefore requires that these witnesses may testify about factual matters "only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. But Ms. Giacometto and Dr. Vincent are high-level Louisiana state agency officials that seem to have little, if any, personal knowledge about the ground-level facts underlying many of their expected testimony topics. For example, at best, Ms. Giacometto could only have second-hand, after-the-fact knowledge about pre-filing consultations between the EPA and LDEQ regarding this action. *Cf.* Denka's Supplemental Disclosures ¶ 7 (proposing that she testify about that issue). She did not work for the Louisiana DEQ until more than a year *after* its staff consulted with EPA staff about the February 2023 Complaint's basis.[3] *See* Decl. of James Leathers ¶¶s 6-8 (ECF No. 9-4) (describing August 2022 pre-filing meeting). And she did not sign the letter referenced in topics 3 and 5 of Denka's Supplemental Disclosures. Dr. Vincent similarly does not appear to have been part of the relevant branch of the Louisiana DEQ that oversees air pollution cases and that was involved in pre-filing consultations with the EPA.[4]

The limits of these witnesses' personal knowledge about relevant events, in turn, limits their value as testifying witnesses. *See* Fed. R. Evid. 403. Their limited value is underscored by the fact that Denka designated these witnesses as may call witnesses.

    2. Denka's new fact witnesses should not be permitted to testify about the science that Denka's other experts will opine about.

By declining the Court's invitation to make a disclosure pursuant to Rule 26(a)(2)(C) and

---

[3] *See* https://www.deq.louisiana.gov/directory/office/office-of-the-secretary (bio of Ms. Giacometto) (last visited February 27, 2025).

[4] *See* https://www.deq.louisiana.gov/news/ldeq-welcomes-amanda-vincent-as-assistant-secretary-of-environmental-sciences (explaining that Dr. Vincent's "expertise lies within the field of water") (last visited February 27, 2025).

electing not to identify any topics on which these witnesses might present evidence under Federal Rules of Evidence 702, 703, or 705, Denka has indisputably waived the right to elicit any expert testimony from these witnesses. *See* Fed. R. Civ. P. 26(a)(2)(C). But much of their proposed factual testimony can only be about core scientific issues – the same issues that Denka's many experts will testify about. *See E.Z. Aces Gaming Inc. v. Penn-America Inc. Co.*, 643 F.Supp. 3d 620, 626 (E.D. La. 2022) (striking defense witness who was an expert "in lay witness clothing"). Deciding whether an imminent and substantial endangerment exists and the proper remedy are inherently scientific, expert-driven questions. The basis for and "facts underlying" these determinations are, therefore, also necessarily scientific and technical in nature. *See* Denka's Supplemental Disclosures ¶¶s 2-5. And the underlying scientific facts about chloroprene's cancer-causing potency have not changed since this case was filed. Ms. Giacometto and Dr. Vincent should not testify as experts about necessarily scientific questions.

> 3. Denka's new fact witnesses should not be permitted to offer opinions about this case's ultimate question.

Denka wants Ms. Giacometto and Dr. Vincent to offer opinions about the main issue this Court must decide: whether the cancer risks from Denka's chloroprene emissions are causing an imminent and substantial endangerment to public health and welfare. *See* Denka's Supplemental Disclosures ¶¶s 2-4 (listing topics that will necessarily involve opinions about whether an imminent and substantial endangerment exists). But it is well-settled that Federal Rule of Evidence 704 does not permit witnesses, expert or lay, to give legal conclusions. *See E.Z. Aces Gaming*, 643 F.Supp. 3d at 625 (striking impermissible testimony about whether insurance company acted in bad faith); *see also Renfroe v. Parker*, 974 F.3d 594, 598 (5th Cir. 2020) ("Experts cannot render conclusions of law or provide opinions on legal issues." (internal quotations marks omitted)). Although Denka nominally asserts that its two new witnesses will

7

provide only underlying facts, their proposed testimony goes beyond simply "embracing" an ultimate issue. *See* Fed. R. Evid. 704(a); *cf.* Denka's Supplemental Disclosures ¶¶s 3 and 4 (proposed testimony regarding determination that "no imminent and substantial endangerment exists").

Courts routinely grant pre-trial motions to exclude legal opinions, including in non-jury proceedings. *See, e.g.*, *Angelle v. Spartan Offshore Drilling LLC*, No. CV 17-7707, 2019 WL 3451549, at *3-*4 (E.D. La. July 31, 2019); *LaShip, LLC v. Hayward Baker, Inc.*, No. CIV.A. 11-0546, 2013 WL 5781688, at *11 (E.D. La. Oct. 25, 2013). This Court should do the same here and reject Denka's attempt to invade the Court's decision-making province.

        4.    Striking these witnesses will not hinder Denka's ability to present a robust defense on these issues.

Denka currently expects to call 14 expert and opinion witnesses. *See* Denka's Witness List ¶ A ("expect to call" list). The testimony of Denka's two new may call witnesses is therefore cumulative of what Denka already plans to present. Indeed, Denka does not differentiate between Ms. Giacometto's and Dr. Vincent's expected testimony. *See* Denka's Supplemental Disclosures at 2 (listing the seven topics *both* witnesses may testify about). Federal Rule of Evidence 403 allows this Court to strike needlessly cumulative testimony and it should do so here. *See Henson v. Odyssea Vessels, Inc.*, CIV.A. 07-613, 2008 WL 449726, *1-2 (E.D. La. Feb. 15, 2008) (granting motion to exclude "repetitious" testimony of similar experts).

## **CONCLUSION**

For these reasons, the United States respectfully requests that the Court strike Aurelia S. Giacometto and Dr. Amanda Vincent from Denka's trial witnesses list and prohibit them from offering testimony or other evidence in this matter.

Dated: February 28, 2025                              Respectfully submitted,

**FOR THE UNITED STATES OF AMERICA**

LISA LYNNE RUSSELL
Deputy Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

<u>Trial Attorney</u>:
     s/ Steven D. Shermer
STEVEN D. SHERMER
District of Columbia Bar No. 486394
SCOTT M. CERNICH
Senior Attorneys
DAVIS H. FORSYTHE
DANIEL S. SMITH
Senior Counsel
HANNAH L. FRAZIER
JONAH M. SELIGMAN (LA Bar # 38890)
Trial Attorneys
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
(202) 514-1134
Steven.Shermer@usdoj.gov

OF COUNSEL:

JUSTIN LANNEN
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region 6
1201 Elm Street, Suite 500 (ORCEA)
Dallas, TX 75270

**CERTIFICATE OF SERVICE**

   I certify that on February 28, 2025, a true and correct copy of the foregoing United States' Opposition to Denka's Two Newly Disclosed Trial Witnesses was filed with the U.S. District Court for the Eastern District of Louisiana using the Court's CM/ECF system. Notice of this Electronic Filing will be sent to all parties by operation of the Court's Electronic Filing System.

                    s/Steven Shermer
                    Steven D. Shermer